Present:  All the Justices

NOELLE RIVERA, ET AL.

v. Record No. 990081  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    December 22, 1999
THOMAS R. NEDRICH

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge


In this appeal, we consider whether the circuit court erred in sustaining the defendant's plea in bar asserting that the applicable statute of limitations had expired. Because we conclude there was error, we will reverse the judgment of the circuit court.

FACTS

Thomas R. Nedrich executed a promissory note dated February 16, 1989, payable to "Marta X. Rivera, Trustee for Noelle and Sebastian Rivera" (the Rivera children).  The Rivera children were both minors.  Under the terms of the note, the entire principal balance of $10,000 plus outstanding interest was due and payable on February 1, 1990.

Nedrich allegedly made only two interest payments on the note and failed to make timely payment of the principal balance and outstanding interest.  Consequently, Marta, in her individual capacity, filed a motion for judgment against Nedrich in the circuit court on June 18, 1993.  In

response, Nedrich filed a plea in bar in which he asserted that Marta could not maintain the action against him because she was not the proper party plaintiff. Nedrich pointed out that Marta had filed the motion for judgment in her individual capacity although the note was payable to her as "Trustee" for the Rivera children. By order dated June 1, 1994, the circuit court sustained the plea in bar on the basis that Marta was not the proper party plaintiff, and entered judgment against her.

A second motion for judgment was subsequently filed against Nedrich on October 31, 1997. The named plaintiffs in that action were "Noelle Rivera, a minor, and Sebastian Rivera, a minor, by their next friend and trustee, Diane C. Gravis." As Marta had alleged in the first action, the plaintiffs in the second lawsuit also alleged that Nedrich had defaulted on the payment of the promissory note, and sought judgment against him.

Again, Nedrich filed a plea in bar. In this plea, Nedrich asserted that the cause of action accrued on February 1, 1990, and consequently, the applicable five-year statute of limitations contained in Code § 8.01-246(2) expired prior to the filing of the second action. The circuit court sustained the plea in bar and dismissed the

action in an order dated May 22, 1998.  We granted the plaintiffs this appeal.

ANALYSIS

The plaintiffs present two arguments in support of their position that the circuit court erred in granting Nedrich's plea in bar to the second action.  First, the plaintiffs assert that the court erred in concluding that the applicable statute of limitations had expired.  They argue that, due to the infancy of the Rivera children, the statute of limitations was tolled pursuant to Code § 8.01-229.  Second, the plaintiffs assert that Nedrich took inconsistent positions in the two actions filed against him.  Thus, they contend that the circuit court should have "estopped [Nedrich] . . . from taking [an] opposite position" from the one he espoused in the first action.

With regard to the question concerning the statute of limitations, Code § 8.01-246(2) requires that a cause of action on a written contract be brought within five years after the cause of action accrues.  This section applies to a promissory note such as the one at issue in this appeal.  Harris & Harris v. Tabler, 232 Va. 75, 348 S.E.2d 241 (1986).  A cause of action on a note accrues when the obligation to pay is breached.  Code § 8.01-230.  Accordingly, when Nedrich allegedly failed to make payment

on February 1, 1990, the due date of the note, the cause of action accrued and the prescribed limitation period began to run. Consequently, that cause of action expired five years later, unless it was tolled.

The plaintiffs assert that the infancy of the Rivera children tolled the running of the statute of limitations in the present action. They contend that Code § 8.01-229(A)(1), which states that "[i]f a person entitled to bring any action is at the time the cause of action accrues an infant, . . . such person may bring it within the prescribed limitation period after such disability is removed," is applicable because the Rivera children were infants when the cause of action on the note accrued. The plaintiffs also rely on Code § 8.01-229(A)(2)(a), which provides that "[a]fter a cause of action accrues, . . . [i]f an infant becomes entitled to bring such action, the time during which he is within the age of minority shall not be counted as any part of the period within which the action must be brought . . . ."[1]

---

[1] The plaintiffs rely on Code § 8.01-229(A)(2)(a) because of the circuit court's comments in the first action that "the children are the proper parties plaintiffs" to enforce the terms of the note. On brief, they assert that it became a "certainty" at that time that the Rivera children were entitled to bring the present cause of action.

We agree that the plaintiffs receive the benefit of the tolling provision in Code § 8.01-229(A)(1). The Rivera children brought the second action against Nedrich through Gravis, acting as their "next friend" in accordance with Code § 8.01-8. That section provides that "[a]ny minor entitled to sue may do so by his next friend." When a suit is filed in this manner, it must be styled in the infant's name by his or her next friend, as was done in the present case. Womble v. Gunther, 198 Va. 522, 530, 95 S.E.2d 213, 219 (1956); Kirby v. Gilliam, 182 Va. 111, 116-17, 28 S.E.2d 40, 43 (1943).

Although we have not previously addressed the effect of the tolling provisions in Code § 8.01-229 in a suit brought on behalf of an infant by a "next friend," other courts have concluded that a person under a legal disability has a right to institute an action through a guardian, parent, or "next friend" at any time during the continuance of the disability. See Johnson v. United States, 87 F.2d 940, 942 (8th Cir. 1937); Barton-Marlow Co., Inc. v. Wilburn, 556 N.E.2d 324, 326 (Ind. 1990); Talley by Talley v. Portland Residence, Inc., 582 N.W.2d 590, 592 (Minn. Ct. App. 1998). Long before the enactment of Code § 8.01-229, we did note, however, that no authority showed that an infant could not sue both when his or her infancy

5

terminated, as well as by a "next friend" during the time between the accrual of the cause of action and the termination of infancy.  Hansford v. Elliott, 36 Va. (9 Leigh) 79, 95 (1837).  Thus, we conclude that a person under a legal disability, such as the Rivera children, may bring an action by a "next friend" at any time during the continuance of the legal disability or, after the disability is removed, in their own name within such time as allowed under Code § 8.01-229 and the prescribed limitation period.  "It would be strangely lacking in common sense to compel an infant to wait helpless and without possibility of redress for his grievances during the period between the expiration of the limitation barring actions by those of full age and of sound mind and the time of reaching his majority."  Johnson, 87 F.2d at 943.

Relying on Beverage v. Harvey, 602 F.2d 657 (4th Cir. 1979), Nedrich nevertheless contends that the statute of limitations applicable to the instant case is not tolled by the infancy of the Rivera children.  In that case, the United States Court of Appeals for the Fourth Circuit held that the statute of limitations for a Virginia wrongful death action was not tolled by the infancy of the beneficiary of the action, because, under former Code § 8-30, the infant beneficiary was not the "person to whom the

right accrue[d] to bring any such personal action." Instead, such an action must be brought in the name of the personal representative of the decedent.  Id. at 658.  We do not agree with Nedrich because Beverage is not applicable to the present case.

Although Gravis brought suit both as a "next friend" and "trustee" of the Rivera children, we find no evidence of either "explicit language" creating a trust or "circumstances which show with reasonable certainty that a trust was intended to be created."[2]  Woods v. Stull, 182 Va. 888, 902, 30 S.E.2d 675, 682 (1944).  The use of the term "Trustee" in the promissory note is not controlling because of the lack of evidence with regard to the existence of a trust as well as to the material terms of such a trust. See Massanetta Springs Summer Bible Conference Encampment v. Keezell, 161 Va. 532, 540, 171 S.E. 511, 514 (1933) (purpose of trust must be clearly defined and duties of trustees prescribed); Executive Comm. of Christian Educ. and Ministrial Relief v. Shaver, 146 Va. 73, 79, 135 S.E. 714, 715 (1926) (use or non-use of technical words such as

_____

[2]  As the party asserting the plea in bar, Nedrich bore the burden of proving facts necessary to establish that the statute of limitations had run, including the fact that a valid trust exists.  Lo v. Burke, 249 Va. 311, 316, 455 S.E.2d 9, 12 (1995).  The plaintiffs contested that fact in their responses to the plea in bar.

"trust" or "trustee" is not controlling).  The additional lack of evidence with regard to when or how Gravis became a "successor" trustee, as alleged in the motion for judgment, further supports our conclusion that a trust does not exist with regard to the promissory note at issue in this case.  See generally Code §§ 26-46 through -58 (dealing with appointment, qualification, resignation and removal of fiduciaries).  Thus, we believe that the note is a contract entered into for the benefit of the Rivera children.  Accordingly, in contrast to the situation in Beverage, the Rivera children, pursuant to Code § 55-22, had the right to file this action, by their "next friend," to enforce the terms of the note.[3]

For these reasons, we will reverse the judgment of the circuit court and remand for further proceedings.[4]

Reversed and remanded.

---

[3] Nedrich's reliance on the decisions in Moses v. Akers, 203 Va. 130, 122 S.E.2d 864 (1961), and Watson v. Daniel, 165 Va. 564, 183 S.E.2d 183 (1935), is also misplaced.

[4] In light of our decision with regard to the tolling of the statute of limitations, we do not need to address the plaintiffs' other argument.