PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ., and Russell, R.J.

DEBBIE THOMPSON HERNDON,
AS MOTHER AND NEXT FRIEND OF
MATTHEW MCNEIL HERNDON, ET AL.

v.  Record No. 030070    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                      October 31, 2003
ST. MARY'S HOSPITAL,
INCORPORATED, ET AL.


                FROM THE CIRCUIT COURT OF WISE COUNTY
                        J. Robert Stump, Judge


     In this appeal, we consider whether Code § 8.01-8

authorizes parents to bring an action in their own name as next

friend of their minor child.

     We will state the facts relevant to this appeal.  Matthew

McNeil Herndon is the son of Debbie Thompson Herndon and Larry

McNeil Herndon (the Herndons).  Matthew was born on December 28,

1991, and allegedly sustained injuries as a result of medical

care rendered before and during his delivery.

     On December 27, 2001, the Herndons filed a medical

malpractice action against St. Mary's Hospital, Incorporated,

and others (collectively, the hospital), alleging that Matthew

sustained injuries at or near the time of his birth as a result

of the hospital's negligence.  The plaintiffs named in the

motion for judgment included "Debbie Thompson Herndon, as mother

and next friend of Matthew McNeil Herndon" and "Larry McNeil Herndon, as father and next friend of Matthew McNeil Herndon."[*]

The hospital filed a motion to dismiss the Herndons' action on the basis that the action was not brought by the minor child in conformance with Code § 8.01-8.  That statute provides, in its entirety:

> Any minor entitled to sue may do so by his next friend.  Either or both parents may sue on behalf of a minor as his next friend.

Before 1998, Code § 8.01-8 consisted solely of the first sentence set forth above.  In 1998, the General Assembly amended the statute by adding the second sentence.

At a hearing before the circuit court, the hospital argued that the Herndons' action should be dismissed because it was not filed in Matthew's own name by his "next friend."  The Herndons responded that their action was initiated properly, alleging that the 1998 amendment to Code § 8.01-8 authorizes parents to sue in their own name on behalf of their child.

The circuit court granted the hospital's motion and dismissed the Herndons' action without prejudice.  The Herndons appeal.

---

[*] Also named as a plaintiff in the motion for judgment was "Matthew McNeil Herndon in his own right."  The Herndons do not challenge on appeal the circuit court's dismissal of the action as to this plaintiff, who was a minor child at the time the action was filed.

2

The Herndons argue that the circuit court improperly interpreted the 1998 amendment to Code § 8.01-8 in holding that parents may not initiate an action in their own name as their child's next friend.  The Herndons contend that under the plain meaning of the statute, either or both parents may bring an action in their own name as long as they do so "on behalf" of their minor child as next friend.

The Herndons assert that the General Assembly intended that the 1998 amendment to Code § 8.01-8 modify the holding of Kirby v. Gilliam, 182 Va. 111, 116-17, 28 S.E.2d 40, 43 (1943), in which this Court concluded that parents cannot bring an action in their own name on behalf of their child.  Finally, the Herndons argue that if the General Assembly merely had intended that the 1998 amendment permit both parents to serve simultaneously as their child's next friend, the amendment would have stated that "either or both parents may simultaneously serve as next friend."  We disagree with the Herndons' arguments.

We first consider whether the language of Code § 8.01-8 is ambiguous.  Statutory language is ambiguous when it may be understood in more than one way.  Supinger v. Stakes, 255 Va. 198, 205, 495 S.E.2d 813, 817 (1998); Virginia-American Water Co. v. Prince William County Serv. Auth., 246 Va. 509, 514, 436 S.E.2d 618, 621 (1993); Va. Dep't of Labor & Industry v.

3

<u>Westmoreland Coal Co.</u>, 233 Va. 97, 101, 353 S.E.2d 758, 762 (1987). An ambiguity also exists when statutory language lacks clarity and precision, or is difficult to comprehend. <u>Supinger</u>, 255 Va. at 205, 495 S.E.2d at 817; <u>Lee-Warren v. School Bd. of Cumberland County</u>, 241 Va. 442, 445, 403 S.E.2d 691, 692 (1991).

Applying these definitions, we conclude that the language of Code § 8.01-8 is ambiguous because the first sentence directs that a minor child bring an action by his next friend, while the second sentence provides that either or both parents may sue on behalf of the minor child as next friend. Therefore, we are called upon to construe this statutory language in a manner that will ascertain and give effect to the General Assembly's intent. <u>USAA Cas. Ins. Co. v. Alexander</u>, 248 Va. 185, 194, 445 S.E.2d 145, 150 (1994); <u>Virginia-American Water Co.</u>, 246 Va. at 514, 436 S.E.2d at 621; <u>City of Virginia Beach v. Board of Supervisors</u>, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993); <u>see</u> <u>Buonocore v. Chesapeake & Potomac Tel. Co. of Va.</u>, 254 Va. 469, 472, 492 S.E.2d 439, 441 (1997).

In ascertaining legislative intent, we will not single out a particular term or phrase in a statute. Instead, we will construe the words and terms at issue in the context of all the language contained in the statute. <u>Buoncore</u>, 254 Va. at 472, 492 S.E.2d at 441; <u>see</u> <u>Lee County v. Town of St. Charles</u>, 264

Va. 344, 348, 568 S.E.2d 680, 682 (2002); Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001).

We also apply the established principle that a statutory provision will not be held to change the common law unless the legislative intent to do so is plainly manifested. Linhart v. Lawson, 261 Va. 30, 35, 540 S.E.2d 875, 877 (2001); Schwartz v. Brownlee, 253 Va. 159, 166, 482 S.E.2d 827, 831 (1997); Boyd v. Commonwealth, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988). Therefore, a statutory change in the common law will be recognized only in that which is expressly stated in the words of the statute or is necessarily implied by its language. Mitchem v. Counts, 259 Va. 179, 186, 523 S.E.2d 246, 250 (2000); Boyd, 236 Va. at 349, 374 S.E.2d at 302.

In the present case, it is undisputed that before the 1998 amendment to Code § 8.01-8, the common law required that an action on behalf of a minor child be brought in the child's name, not in the name of his next friend. We recognized this common law rule in Kirby, stating that "it is well settled that . . . an infant's suit must be brought in his name and not in that of the next friend - that is, the infant and not the next friend must be the real party plaintiff." 182 Va. at 116, 28 S.E.2d at 43.

The reason underlying this established rule is that the minor child, not the next friend, is the real party in interest

5

in such an action.  See Womble v. Gunter, 198 Va. 522, 530, 95 S.E.2d 213, 219 (1956); Kirby, 182 Va. at 116, 28 S.E.2d at 43. As we further observed in Kirby, if the action is brought "in the name of the next friend 'on behalf of the infant' it cannot be maintained.  No party, infant or adult, may sue by deputy." Id. at 117, 28 S.E.2d at 43 (quoting W. Lile, The Equity Pleading and Practice, § 104, p. 53 n.21 (2d ed. 1922.))

Because any statutory change in the common law must be reflected in the express words of the statute, or necessarily implied from those words, we consider the express language of Code § 8.01-8 to determine whether that language shows a plainly manifested legislative intent to change the common law rule expressed in Kirby.  We conclude that the statutory language does not manifest such an intent.

The first sentence of the statute authorizes a minor child to bring an action by his next friend.  The second sentence, when considered together with the first sentence, does not plainly manifest an intent to authorize parents to bring a child's action in the parents' own name, but merely specifies that either or both parents may act as next friend on behalf of their minor child.  Thus, we hold that the 1998 amendment to Code § 8.01-8 reflects the General Assembly's intent to clarify the fact that either or both parents may initiate a single action as their child's next friend.

6

The contrary interpretation advanced by the Herndons would require us to conclude that the 1998 amendment to Code § 8.01-8 was intended to change the common law rule. We cannot accept this conclusion because nothing in the amendatory language of Code § 8.01-8 manifests an intent to confer on parents the status of a real party in interest in their minor child's action.

Moreover, we observe that such an interpretation would render the statute internally inconsistent, with the first sentence directing that a minor child initiate an action by his next friend, contrasted with the second sentence effectively stating that a minor does not have to bring an action in his own name. Thus, we conclude that the circuit court did not err in dismissing the Herndons' action without prejudice under the common law principle embodied in Code § 8.01-8. See Rivera v. Nedrich, 259 Va. 1, 4-5, 529 S.E.2d 310, 311 (1999); Womble, 198 Va. at 530, 95 S.E.2d at 219; Kirby, 182 Va. at 117, 28 S.E.2d at 43.

For these reasons, we will affirm the circuit court's judgment.

Affirmed.