Present:  All the Justices

ESTATE OF ROBERT JUDSON JAMES,
ADMINISTRATOR, EDWIN F. GENTRY, ESQ.

v.  Record No. 081310

KENNETH C. PEYTON

OPINION BY
JUSTICE LAWRENCE L. KOONTZ, JR.
April 17, 2009

AMERICAN CASUALTY COMPANY
OF READING, PA

v.  Record No. 081314

KENNETH C. PEYTON

FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

In these consolidated interlocutory appeals arising from a personal injury action, we consider whether the circuit court erred in concluding that an amended motion for judgment properly names an administrator of an estate rather than the estate itself as a party defendant.  Specifically, we consider whether the language "Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esquire" names a proper party to the personal injury action in question in these appeals.

BACKGROUND

Whether a pleading has adequately identified the proper party to be sued is a question of law.  Therefore, we review the record de novo on appeal.  Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006); Wilby v.

Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003);

Transcontinental Ins. Co. v. RBMW, Inc., 262 Va. 502, 514, 551

S.E.2d 313, 319 (2001).

On April 5, 2004, Kenneth C. Peyton filed a motion for

judgment[1] in the Circuit Court of Culpeper County against

Robert Judson James.  Peyton alleged therein that on February

6, 2003, Peyton and James were involved in an automobile

accident in Culpeper County at the intersection of Virginia

Route 663 and U.S. Route 29.  Peyton alleged that as a

proximate result of James' negligent operation of his vehicle,

Peyton suffered various personal injuries.  Peyton sought

$500,000 in damages.

At the time the April 5, 2004 motion for judgment was

filed, Peyton's counsel was apparently unaware that James had

died on March 1, 2003 as a result of injuries he sustained in

the accident.  James died intestate, and no administrator of

his estate had qualified at the time the action was filed.

On July 6, 2004, Peyton filed a "MOTION FOR LEAVE TO

AMEND MOTION FOR JUDGMENT/SUBSTITUTE ESTATE FOR DEFENDANT."

---

[1] The suit in this case was filed before we amended our
rules, effective January 1, 2006, to provide that a civil
action, which includes legal and equitable causes of action,
is commenced by filing a "complaint."  Rules 3:1 and 3:2; see
also Ahari v. Morrison, 275 Va. 92, 95 n.2, 654 S.E.2d 891,
893 n.2 (2008).

(Emphasis added.)  In that motion, Peyton requested that the circuit court grant "leave to substitute 'the Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq.' for the Defendant, Robert Judson James."  The motion further averred that "the proper party is 'the Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq.'"  A copy of the amended motion for judgment appended to Peyton's motion for leave to amend styled the defendant as "the Estate of ROBERT JUDSON JAMES, Administrator, Edwin F. Gentry, Esq."  The following pertinent allegations of fact are made in the body of the amended motion for judgment:

> 2. Defendant, Robert Judson James, was a resident of Brandy Station, Virginia.
>
> 3. Robert Judson James died on March 1, 2003.
>
> 4. On June 28, 2004, Mr. Edwin F. Gentry, Esq. qualified as the Administrator of the Estate of Robert Judson James.

By an order dated July 7, 2004, the circuit court granted Peyton's motion for leave to amend.  On the same day, the clerk of the circuit court issued a notice of amended motion for judgment to be served on Gentry.

On July 27, 2004, an answer and grounds of defense, captioned in the style of the amended motion for judgment, was filed.  The pleading admitted that Gentry qualified as the administrator of James' estate.  The pleading was signed:

3

ESTATE OF ROBERT JUDSON JAMES
By Counsel

Peyton obtained service of process of the amended motion for judgment on American Casualty Company of Reading, Pennsylvania, his uninsured motorist carrier. Thereafter, American Casualty filed a response and grounds of defense on October 6, 2004.

Ultimately, on March 27, 2008, a motion for summary judgment was filed on behalf of "the Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq."[2] Principally citing Swann v. Marks, 252 Va. 181, 184, 476 S.E.2d 170, 171-72 (1996), it was contended in the motion that Peyton's action was a nullity because the named defendant was an estate. The motion contained the further assertion that it was not sufficient to include a reference to the personal representative of the estate in the caption as "[t]his is not merely a mis-ordering of words," because "[t]he personal representative and the estate are two different entities,"

[2] The long interval between the filing of the initial pleadings and the motion for summary judgment was occasioned by ancillary proceedings, including the consolidation of this case with Peyton's action against another driver involved in the same accident, the intervention of a workers' compensation carrier asserting a right of subrogation, and extensive discovery. None of these proceedings, recounted in a manuscript record of more than 1000 pages, are germane to issues raised in these appeals.

and, thus, "naming the estate is not a misnomer" which could be cured by a further substitution of the personal representative of the estate.

On April 1, 2008, following a hearing conducted on the motion for summary judgment, the circuit court ruled that Peyton's amended motion for judgment failed to properly identify Gentry, in his capacity as administrator of James' estate, as the defendant. Additionally, because Peyton's motion to amend had asserted that the "estate" was to be substituted for the original defendant, the court ruled that the amended motion for judgment had identified the estate, not Gentry, as the defendant. Accordingly, the court sustained the motion for summary judgment, ruling that Swann required that an action maintained against an estate could not be amended to substitute the personal representative since they are separate, distinct entities.

Thereafter, on April 16, 2008, the circuit court conducted a hearing upon Peyton's motion to reconsider the court's April 1, 2008 order. At that hearing, Peyton sought to distinguish Swann, contending that the amended pleading identifying the defendant as "the Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq." was merely a misnomer, not a misjoinder. Peyton requested the court to set aside the prior order granting summary judgment and, pursuant

5

to Code § 8.01-6, to permit a further amendment of the motion for judgment "correcting" the style of the defendant to be "Edwin F. Gentry, Esq., Administrator of the Estate of Robert Judson James." This should be permitted, Peyton contended, because Gentry had actual notice of the action and would not be prejudiced by allowing the further amendment.

The circuit court initially announced its ruling from the bench, stating: "It may be that the style of the amended motion for judgment was not worded as one might expect. But Mr. Gentry, upon further review, is correctly named as the administrator. He is, in fact, the duly qualified administrator by this Court and he was personally served with process." Reversing its prior determination, the court concluded that the amended motion for judgment properly identified Gentry, in his capacity as the administrator of the estate, rather than the estate itself, as the defendant.

At the conclusion of the April 16, 2008 hearing, the circuit court entered an order vacating the April 1, 2008 order. In that order, the court expressly ruled that "the Defendant the estate of Robert Judson James, Administrator, Edwin F. Gentry, Esquire, is a proper party pursuant to this Court's Order."

Thereafter, on June 30, 2008 and pursuant to Code § 8.01-670.1, the circuit court entered an order certifying an

6

interlocutory appeal to this Court on the issue whether "the Defendant 'The Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esquire' is a proper party to the action." By orders dated November 8, 2008, we awarded these appeals, consolidating them for argument and decision.

DISCUSSION

Initially, we observe that the party filing a civil action has an obligation to express the nature of the claim being asserted, and the identity of the party against whom it is asserted, in clear and unambiguous language so as to inform both the court and the opposing party of the nature of the claim being made.  See, e.g., Ford Motor Co. v. Benitez, 273 Va. 242, 251-52, 639 S.E.2d 203, 207 (2007); Hensley v. Dreyer, 247 Va. 25, 30, 439 S.E.2d 372, 375 (1994).  Thus, when there is an ambiguity in the pleading, whether as a result of a defect in form or lack of clarity in the allegations made, the proponent has the burden to show that the pleading is sufficient to identify the claims being asserted and the party alleged to be liable on those claims.

The motion for judgment filed by Peyton on April 5, 2004 was proper in form in that it clearly stated a claim for personal injuries allegedly suffered by Peyton as a result of the negligence of Robert Judson James, who was identified in both the caption and throughout the body of the pleading as

7

the defendant.  The record does not disclose whether, prior to filing the pleading, Peyton's counsel was aware that James had died on March 1, 2003.

Prior to July 1, 1991, an action "filed against a deceased party was a nullity."  Parker v. Warren, 273 Va. 20, 24, 639 S.E.2d 179, 181 (2007) (citing Rennolds v. Williams, 147 Va. 196, 198-200, 136 S.E. 597, 597-98 (1927)).  "Thus, if a litigant filed a personal action against a defendant who, possibly unbeknownst to the plaintiff, had died, . . . the statute of limitations would continue to run."  Id.  Nor could the error, even if unintentional, be cured by substituting the executor or administrator of the deceased party's estate "because the personal representative was a person distinct from the decedent, the mistaken naming of the decedent was not a misnomer and substitution of the personal representative did not relate back to the initial filing of the lawsuit."  Id. (citing Rockwell v. Allman, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971)); see also Swann, 252 Va. at 184, 476 S.E.2d at 172.

However, an amendment of Code § 8.01-229 in 1991 adding subsection (B)(2)(b) altered this long-standing rule "by providing that [an action] filed against a defendant who was deceased when the action was filed could be amended to substitute the decedent's personal representative."  Parker,

8

273 Va. at 24, 639 S.E.2d at 181.  Code 8.01-229(B)(2)(b)

provides:

> If a person against whom a personal action may
> be brought dies before suit papers naming such
> person as defendant have been filed with the court,
> then such suit papers may be amended to substitute
> the decedent's personal representative as party
> defendant before the expiration of the applicable
> limitation period or within two years after the date
> such suit papers were filed with the court,
> whichever occurs later, and such suit papers shall
> be taken as properly filed.

Pursuant to Code § 8.01-229(B)(2)(b), Peyton's July 6,

2004 motion to amend the original motion for judgment was

clearly authorized under the circumstances of this case.

However, the amended motion for judgment remained subject to

the rule requiring the motion to be clear and unambiguous in

expressing the identity of the party the plaintiff intends to

name as the defendant and upon what basis that party is liable

to the plaintiff.  Here, unless the amended motion for

judgment clearly identified Gentry, in his representative

capacity, as the party being substituted as the party

defendant in place of James, Code § 8.01-229(B)(2)(b) would

not permit the substitution of a separate party defendant.

Peyton acknowledges that the proper format for

identifying a personal representative of an estate as a party

defendant in a pleading is to list the personal representative

by name followed by a description of the capacity in which he

9

or she is being sued.  He contends, however, that the "syntactical difference" between the proper form for such pleadings and the form used in the caption of his amended motion for judgment in this case is of no moment because "the words 'Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq.' . . . share the same meaning as 'Edwin F. Gentry[,] Esq., Administrator, Estate of Robert Judson James.' "  Peyton further contends that even if the circuit court erred in determining that the form of the amended pleading was adequate to identify Gentry in his representative capacity as the party defendant, the defect in the pleading was nonetheless merely a misnomer and subject to correction by amendment.  This is so, he maintains, because unlike Swann, where the named party was only identified as the estate without reference to a personal representative in the original action filed, here the pleading identified Gentry as the personal representative in both the caption and the body of the pleading, and Gentry had actual notice of the action.  We disagree.

In addition to discussing this same issue in Swann, we have addressed analogous issues in cases involving other types of relationships that require a person or entity that is not capable of appearing sui juris to sue or be sued through a fiduciary in a representative capacity.  In such cases, the

10

courts are required to determine whether the identification of the party comported with a recognized statutory form. If it did not, the courts must determine whether the defect in the pleading constituted a misnomer, where the right person or entity was made a party but was incorrectly named in the pleading, or a misjoinder, where the person or entity identified by the pleading was not the person by or against whom the action could, or was intended to be, brought. See, e.g., Cook v. Radford Community Hosp., Inc., 260 Va. 443, 451, 536 S.E.2d 906, 910 (2000). Where there is a misjoinder of a party who cannot sue or be sued directly, there is a corresponding nonjoinder of the fiduciary who is the proper party. The distinction is significant. It is permissible by amendment of the deficient pleading to correct a misjoinder under Code § 8.01-5, a misnomer under Code § 8.01-6, and a nonjoinder under Code §§ 8.01-5 and 8.01-7. However, the statutes distinguish the circumstances under which the permitted correction will relate back to the original filing, effectively tolling the statute of limitations.

In that regard, Code § 8.01-6, in pertinent part, provides that:

> An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or

11

occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

In similar fashion, Code § 8.01-6.1 permits this relation back for amendments changing or adding a claim or defense, and Code § 8.01-6.2(A) permits the same for amendments regarding a party's trade name or corporate name.[3]

Moreover, even when correction of a misjoinder and nonjoinder is permitted, the amendment is only allowed to bring in a proper defendant.  Likewise, a new plaintiff may

---

[3] While the parties in this appeal do not reference Code § 8.01-6.2(B), that statute provides that when an action is "filed against an estate of a decedent, and filed within the applicable statute of limitations, naming the proper name of the estate of the deceased and service is effected or attempted on an individual or individuals as executor [or] administrator . . . of the estate, such filing tolls the statute of limitations for such claim in the event the executor [or] administrator . . . of the estate [is] unable to legally receive service at the time service was attempted, or defend suit because [his] authority . . . excludes defending said actions, or [his] duties . . . had expired at the time of the service or during the time of defending said action."

While we express no opinion with regard to the scope of the application of this statute, we note that by its express terms it is inapplicable in this case because Gentry was legally able to receive service of the suit under the proper name of James' estate.

not be substituted for an original plaintiff who lacked standing to bring the action.  Chesapeake House on the Bay, Inc. v. Virginia National Bank, 231 Va. 440, 442-43, 344 S.E.2d 913, 915 (1986); see also Wells v. Lorcom House Condominiums' Council of Co-Owners, 237 Va. 247, 253, 377 S.E.2d 381, 384 (1989); Bardach Iron & Steel Co. v. Tenenbaum, 136 Va. 163, 173, 118 S.E. 502, 505 (1923).

In Cook, an action was filed in the name of a person who had been declared incompetent and for whom a guardian had been appointed.  The trial court denied a motion to amend the pleading to reflect that the guardian was the proper party plaintiff, ruling that the defect could not be cured by amendment and dismissed the action.  260 Va. at 446, 536 S.E.2d at 907.  On appeal, we affirmed the judgment, concluding that the error in filing the action in the name of the incompetent constituted a misjoinder, not a misnomer.  Id. at 451, 536 S.E.2d at 910.

Similarly, in Miller v. Highland County, 274 Va. 355, 650 S.E.2d 532 (2007), we considered whether an action which named a locality as a party defendant, rather than the locality's governing body, was subject to correction as a misnomer. Holding that the relevant statutory provision under which the action was brought required the action to be against the governing body, we concluded that there had not been a

13

misnomer because the plaintiff "did not incorrectly name the right entity[, the governing body], but named a different entity[, the locality]." Id. at 368, 650 S.E2d at 537.

We used the same rationale in Swann to conclude that "[t]he personal representative of a decedent and the decedent's 'estate' are two separate entities; the personal representative is a living individual while the 'estate' is a collection of property." Swann, 252 Va. at 184, 476 S.E.2d at 172. Accordingly, we held that "one cannot be substituted for another under the concept of correcting a misnomer." Id.

As in Cook and Miller, there was no dispute in Swann as to whether the pleading naming the incorrect party could have been interpreted as actually naming the proper party. In each case, respectively, the pleading clearly named the incompetent, the locality, and the estate, not the guardian, the governing body, or the personal representative. Thus, while these cases are instructive in resolving the present appeals, we must first consider whether the circuit court erred in ruling that Peyton's amended motion for judgment adequately identified Gentry, in his representative capacity, as the party defendant.

We addressed a similar "syntactical" conundrum in Herndon v. St. Mary's Hospital, Inc., 266 Va. 472, 587 S.E.2d 567 (2003). In that case, we were required to consider whether

14

the parents of a minor child could bring an action in their own names as next friend of the child, rather than in the name of the child by them as his next friends.  We concluded that under the applicable statute an action for the benefit of a minor child must be brought in the name of the child by a next friend because the "established rule is that the minor child, not the next friend, is the real party in interest in such an action."  Id. at 476, 587 S.E.2d at 570.  Accordingly, we held that the trial court did not err in dismissing the action, since the parents were not entitled to maintain the action for the child in their own names.  Id. at 477, 587 S.E.2d at 570.  Although we were not required to address the question whether the court should have allowed the substitution of the child, by his parents as next friends, as the proper party, it is clear that, as in Cook, such an amendment would not have been allowed since the failure to name the proper party plaintiff cannot be cured by an amendment.

In determining the adequacy of a pleading to identify a party, we consider the pleading as a whole.  Thus, whether a party named in a caption is a proper party to the action is to be determined not merely by how that party is identified in the caption of the pleading, but by the allegations set forth within a pleading that identify that party more specifically.

15

See <u>McCormick v. Romans</u>, 214 Va. 144, 147, 198 S.E.2d 651, 653 (1973).

As Peyton conceded during oral argument of these appeals, the amended motion for judgment is not a model of clarity. Indeed, there is a patent ambiguity between the caption of the amended motion for judgment and the allegations within that pleading. The caption identifies "the Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq." as the defendant; the allegations within the motion for judgment refer to the "Defendant, Robert Judson James." Although Peyton states in the motion for judgment that James died and that Gentry qualified as administrator of James's estate, nothing within the body of the pleading clearly identifies Gentry in his capacity as administrator of James' estate as the party defendant. To the contrary, when the term "defendant" is used in the allegations of fact, the term clearly refers to James, as when, for example, it is alleged that Peyton's vehicle was struck by "Defendant's vehicle."

Just as in <u>Herndon</u>, where the order of the words identified the parents, not the child, as the plaintiffs who were further described as the "next friends" of the child, here, the most straightforward reading of the amended motion for judgment identifies "the Estate of ROBERT JUDSON JAMES" as the party defendant. While the caption of the pleading goes

16

on to identify Gentry as the administrator of the estate and the body of the pleading recites the fact of his qualification as administrator, at best these references only serve to identify James' estate more specifically. They simply do not name Gentry, rather than the estate, as the party defendant when the pleading is read as a whole. Accordingly, we hold that the circuit court erred in ruling that the amended motion for judgment identified Gentry, in his capacity as administrator of James' estate, as the party defendant.

Because we have determined that the estate was the party defendant named by the amended motion for judgment, it follows that this case is controlled by Swann, unless there is merit in Peyton's contentions that Swann can be distinguished on the ground that despite the "misnomer" of the proper party defendant, here Gentry, the proper party, was identified in the amended motion for judgment and was actually served with that pleading. Accordingly, Peyton contends that there would be no prejudice in allowing a correction of the "misnomer." We disagree with those contentions.

Peyton has misapprehended the difference between "misnomer" and "misjoinder." As was explained above, a "[m]isnomer arises when the right person is incorrectly named, not where the wrong defendant is named." Swann, 252 Va. at 184, 476 S.E.2d at 172; see also Cook, 260 Va. at 451, 536

17

S.E.2d 910; Rockwell, 211 Va. at 561, 179 S.E.2d at 472. Code § 8.01-6 permits the correction of a misnomer where the party that was identified by the wrong name has notice and otherwise will not suffer prejudice by the amendment, and the statute relates the amendment back to the original filing, effectively tolling the statute of limitations. In this case, the wrong defendant was named, and Code § 8.01-6 is not applicable to such a misjoinder. Accordingly, the circuit court's original determination to award summary judgment and to dismiss Peyton's action in this case was correct, because a misjoinder is simply not subject to being legitimized by substituting the correct party. The only resolution in such a case, in the absence of a statute of limitations bar, is to commence a new action against the proper party.

### CONCLUSION

For these reasons, we hold that the circuit court erred in setting aside the order of April 1, 2008 awarding summary judgment to the Estate of Robert Judson James and in permitting the amended motion for judgment to be maintained against Edwin F. Gentry in his capacity as administrator of the estate. Accordingly, the court's order of April 16, 2008 will be reversed, and because the applicable statute of limitations now bars Peyton's action, final judgment will be entered here for the estate and American Casualty.

18

Record No. 081310 – <u>Reversed and final judgment</u>.
Record No. 081314 – <u>Reversed and final judgment</u>.