# CIRCUIT COURT OF THE CITY OF NORFOLK

Jonathan Plavcan
and Lora Plavcan,
individually and
as next friends of
Lauren Jonae Plavcan,
an infant

v.

John A. Churchill

May 18, 2009

Case No. (Law) CL05-2

BY JUDGE EVERETT A. MARTIN, JR.

This action was before the Court and a jury on April 27-28, 2009, on Counts II, III, IV, and V of the motion for judgment. Before the jury was impaneled, I heard the final pre-trial motions, and, based upon what I had heard and for the reasons stated in the record, I bifurcated the issues in the trial. The jury was first to determine if a battery occurred on any of the four dates in question. Had they found a battery, they would then receive evidence on damages.

At the conclusion of all the evidence, I granted the defendant's motion to strike Count II, as I found there was no evidence he did anything other than what was authorized on May 14, 1998. I took other motions under advisement. Counts III, IV, and V were submitted to the jury. The jury returned verdicts for the defendant on Counts III and V. The jury was unable to agree on Count IV.

The defendant renewed his motion to strike Count IV on the grounds of misjoinder, the failure of the plaintiffs to meet their burden of proof on justification, and the absence of evidence of causation for damages. As the Court and jury heard no evidence on damages, I believe that ground is premature.

## Misjoinder

The plaintiffs in the motion for judgment are named "Jonathan Plavcan and Lora Plavcan, individually and as next friends of Lauren Jonae Plavcan, an infant. . . ." This is indistinguishable from the manner in which the plaintiffs were named in *Herndon v. St. Mary's Hospital*, 266 Va. 472, 587 S.E.2d 567 (2003). The Supreme Court held the motion for judgment to be a nullity in *Herndon*.

The Supreme Court recently decided *Estate of Robert James v. Peyton*, 277 Va. 443, 674 S.E.2d 864 (April 17, 2009), on a similar issue and re-affirmed its holding in *Herndon*. In *Peyton*, however, the Court held the "pleading as a whole" and not merely the caption is to be considered in determining its adequacy and whether there is a proper plaintiff. *Peyton*, 277 Va. at p. 455, 674 S.E.2d at 869. In neither *Herndon* nor *Peyton* did the Court set out the allegations the Herndons made in their motion for judgment.

Here, there can be no doubt that Lauren Plavcan is a plaintiff in Count IV. Paragraph 47 alleges that Dr. Churchill's conduct on June 11, 1998, "constitutes a battery upon the plaintiff, Lauren Plavcan." Paragraphs 48 and 49 allege the infant was injured by the battery. The prayer of Count IV first requests that the parents be reimbursed their medical expenses incurred on behalf of the child and then states "the plaintiff, Lauren Jonae Plavcan, demands judgment against the defendant, Churchill, in the amount of. . . ."

Considering the motion for judgment as a whole, I find it adequately identifies the infant as the plaintiff, and I deny the motion to dismiss for misjoinder.

## Justification

I denied the defendant's motion to strike at the close of the plaintiffs' evidence because I believed, perhaps mistakenly, that justification was an affirmative defense to battery. The defendant renewed his motion to strike at the conclusion of all the evidence, and he tendered Model Jury Instruction No. 36.080, which imposes upon the plaintiff the burden of proof of a lack of justification. I took the defendant's motion to strike under advisement.

The case was submitted to the jury on agreed instruction No. 5, which told the jury they could find for the plaintiff if she proved by the greater weight of the evidence, *inter alia*, that the defendant's "touching was neither justified, excused, nor consented to. . . ." Instruction No. 3 defined battery as "an intentional and unwanted touching of another without justification, excuse, or the consent of the other."

Thus the plaintiff had the burden to prove that Dr. Churchill's actions of June 11, 1998, were not justified. I assume, without deciding, that the plaintiff met her burden of proof on lack of consent by the introduction of the altered consent form. Plaintiff's Exh. 2. Excuse was not an issue.

Rule 1:11 provides in pertinent part:

> If the court overrules a motion to strike the evidence and there is a hung jury, the moving party may renew the motion immediately after the discharge of the jury, and, if the court is of the opinion that it erred in denying the motion, it shall enter summary judgment or partial summary judgment in conformity with its ruling on the motion to strike.

The defendant's witnesses testified that Dr. Churchill's actions on June 11, 1998, were not only justified but necessary. Mr. Plavcan was at sea on that date and thus offered no evidence regarding that day's events. Mrs. Plavcan was the only witness for the plaintiff to testify about the surgery of that day. I have reviewed her testimony. She was surprised and rightly concerned about the extent of what Dr. Churchill did on June 11, but nothing in her testimony indicates it was unjustified. I should have granted the motion to strike this count at the conclusion of all the evidence, but I did not do so in the hope the jury would resolve all remaining issues. I grant the motion now.

Before the trial began, the defendant had filed two motions to dismiss the battery counts because the plaintiffs had no expert testimony. I denied those motions because a battery may usually be established without expert testimony. *Woodbury v. Courtney*, 239 Va. 651, 301 S.E.2d 293 (1990). However, having now heard the evidence, I find that, under the facts of this case, expert testimony would be required to prove a lack of justification of the defendant's acts. The defendant testified he had to go beyond what the child's mother authorized on June 11 because he discovered necrotic tissue. Expert testimony would have been necessary to establish some other action the defendant could have taken in his treatment of the child that day.

I am dismissing Count II, III, IV, and V with prejudice.