# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Reuel A. Wiebel

v.

Estate of Herbert F. Johnson
by Nancy I. Hunt,
Executrix of the Estate of
Herbert F. Johnson, Jr.

November 16, 2009

Case No. 08-160

BY JUDGE EDWARD L. HOGSHIRE

On May 23, 2008, Plaintiff Reuel A. Wiebel filed a Complaint to enforce a promissory note made by Herbert F. Johnson, Jr., payable to Frank C. McCue. In response, the Defendant, Nancy I. Hunt, Executrix of the estate of Herbert F. Johnson, Jr., filed a Demurrer and Motion to Dismiss, asserting that the action has not been brought against the proper party within the applicable limitation period.

*Issues Presented*

The issues before the Court are the following:
1. Whether the naming of the party Defendant was a misnomer or a misjoinder as determined by applicable court precedents;[1] and

---

[1] Should the Court find that the naming of the party Defendant was a misnomer, a second and contingent issue would necessarily be before the Court: whether the Plaintiff has complied with the relation back provisions of Virginia Code § 8.01-6, including the

2. Whether the proper party Defendant has received service of process within one year of the institution of the action as required under Virginia Supreme Court Rule 3:5.

## Statement of Facts

Plaintiff's initial pleading, styled "Complaint to Enforce Promissory Note," was filed against the "Estate of Herbert F. Johnson by Nancy I. Hunt, Executrix of the estate of Herbert F. Johnson, Jr." In the second paragraph of the Complaint, Plaintiff alleges that the "Defendant, Nancy I. Hunt . . . is, upon information and belief . . . the executrix of the estate of Herbert F. Johnson." As an addendum to the Complaint, the Plaintiff includes the original promissory note, which identifies the maker of the note as "Herbert F. Johnson, Jr." This suit is the second filing seeking the relief in question, the Plaintiff having voluntarily nonsuited the cause of action on November 27, 2007.

In the Complaint, Plaintiff alleges that the note was executed on January 21, 1993, and full payment of the principal amount was due on November 1, 2002. (Compl. ¶ 3.) In his Bill of Particulars, Plaintiff states that the maker of the note, Herbert F. Johnson, Jr., died testate on October 3, 2003, and Nancy I. Hunt was later appointed Executrix of his estate. (Pl.'s Bill of Part. ¶ 2.) It is further alleged that, on October 24, 2004, McCue assigned the note to the Plaintiff. (Pl.'s Bill of Part. ¶ 3.)

Counsel for Hunt was notified of the action on September 12, 2009, by letter from Plaintiff's counsel. Copies of the subject Complaint were served on Nancy I. Hunt on March 12, 2009. On June 11, 2009, in response to Defendant's motion, the Plaintiff filed a Bill of Particulars, altering the caption by styling it "*Reuel A. Wiebel v. The Estate of Herbert F. Johnson, Jr.,* by Nancy I. Hunt, Executrix of the estate of Herbert F. Johnson, Jr."

## Procedural Framework

Although the Defendant has styled his response as a "Demurrer and Motion to Dismiss," in substance, it is a motion in abatement and plea in bar of the statute of limitations. Misjoinder, nonjoinder, and misnomer of parties

---

requirement that the Defendant receive notice of the action within the limitation period set out in Virginia Code § 8.01-229(E)(3). Due to the Court's finding on the first issue presented, the Court need not reach this second, contingent issue.

are defects in pleadings properly raised by motions in abatement. W. Hamilton Bryson, *Bryson on Virginia Civil Procedure*, § 6.03[4] (4th ed. 2005). By contrast, "[a] defendant in equity may respond by way of a plea [in bar] if his or her defense can be reduced to a single question of fact, for example, that the suit is barred by the statute of limitations or by res judicata." *Id.* § 6.03[6].

Motions in abatement lie to errors in form whereas pleas in bar lie to errors in substance. *Id.* § 6.03[4]. Here, the Court's findings related to any defect in form (whether a misnomer or misjoinder) would necessarily dictate the Court's consideration of errors in substance (whether the action is now barred by the statute of limitations). In short, although a misjoinder or misnomer are properly raised by motions in abatement, here, a finding that the limitation period has expired would result in a final disposition of the action based on a single question of fact. The Defendant's response thus constitutes, in substance, a motion in abatement and plea in bar of the statute of limitations, and the Court will consider it as such.

*Analysis*

In his responsive pleading, the Defendant raises three issues, which, if proven, constitute a complete bar to the Plaintiff's recovery. First, the Defendant alleges that the estate of Herbert F. Johnson is named as the defendant (a misjoinder). As such, it is a legal nullity, because an action cannot be maintained against an estate. In addition, the Defendant, Nancy I. Hunt, cannot now be substituted for the estate under the theory of a misnomer, because the Plaintiff has made a mistake in party, not in name; thus, any filing of a new complaint would be barred by the statute of limitations pursuant to Virginia Code § 8.01-229(E)(3), which governs the limitations period for actions subject to a voluntary nonsuit.

In the alternative, Hunt contends that the Defendant is improperly named (a misnomer), because Herbert F. Johnson and Herbert F. Johnson, Jr., are two separate individuals. Amendment to the pleadings to correct a misnomer would normally be appropriate pursuant to Virginia Code § 8.01-6, which allows an amendment to correct a misnomer in the pleadings to relate back to the date of the original filing if certain requirements are met. Here, however, the Defendant alleges that she did not receive notice of the institution of the action within the limitations period prescribed by Virginia Code § 8.01-229(E)(3); thus, the Plaintiff has not complied with the requirements of Virginia Code § 8.01-6, and it is now too late to amend the pleadings to correctly identify the proper defendant.

Finally, the Defendant argues that a properly named party Defendant, i.e., Nancy I. Hunt as Executrix of the estate of Herbert F. Johnson, Jr., has not received service of process within one year of the institution of the action as required under Virginia Supreme Court Rule 3:5.

The Plaintiff argues that there is no ambiguity in the identification of the parties, the estate at issue, or the maker of the note because the complaint clearly states in its text and attachment that the maker of the note is Herbert F. Johnson, Jr., and that the suit is being brought against Nancy I. Hunt, as the Executrix of the estate of Herbert F. Johnson, Jr.

"It is axiomatic that the plaintiff has the duty to name the proper parties as defendants in the motion for judgment." *Lake v. Northern Va. Women's Med. Ctr., Inc.*, 253 Va. 255, 260, 483 S.E.2d 220, 222 (1997) (citing *Baldwin v. Norton Hotel, Inc.*, 163 Va. 76, 80, 175 S.E. 751, 752 (1934)). The proper format for identifying a personal representative of an estate as a party defendant in a pleading is to list the personal representative by name followed by the capacity in which he or she is being sued. *James v. Peyton*, 277 Va. 443, 452, 674 S.E.2d 864, 867 (2009). Where there is ambiguity in the pleading, the proponent has the burden to show that the pleading is sufficient to identify the party alleged to be liable on those claims. *Id.* at 450, 674 S.E.2d at 867.

In determining the adequacy of a pleading, the Virginia Supreme Court has stated that the pleading should be considered "as a whole." *James v. Peyton*, 277 Va. at 452, 674 S.E.2d at 869. Whether the proper party is named "is to be determined not merely by how that party is identified in the caption . . . , but by the allegations set forth within the pleading that identify that party more specifically." *Id.* In this action, the Plaintiff has, indeed, created some ambiguity in the pleading by leaving off the suffix "Jr." in his reference to the estate in the first half of the caption. Taking the pleading as a whole, however, it is clear that the Plaintiff has designated, both within the caption and within the body of the Complaint, that "Nancy I. Hunt," the personal representative and Executrix of the estate of Herbert F. Johnson, Jr., is the Defendant from whom the Plaintiff seeks to recover. In the caption of the Complaint, Hunt's name is set off by capital letters, and she is further identified in the caption as the "Executrix of the estate of Herbert F. Johnson, Jr." In addition, paragraph two of the pleading states in unambiguous terms that the "Defendant, Nancy I. Hunt" is the party to whom the Complaint is addressed. Here, the most straightforward reading of the Complaint identifies "Nancy I. Hunt" as the party Defendant.

Through apparent inadvertence, the Plaintiff made a clerical error when he left off the suffix "Jr." in his reference to the estate in the first half of the caption, though the Plaintiff correctly includes "Jr." in the second half of the caption identifying Nancy I. Hunt as the "Executrix of the estate of Herbert F.

Johnson, Jr." Any ambiguity in the pleading created by this oversight is corrected by listing the correct capacity in which Hunt is being sued in the second half of the caption. Such ambiguity is further clarified by the inclusion of the original promissory note, attached as an addendum to the Complaint and incorporated by reference, in which Herbert F. Johnson, Jr., is named as the maker of the note.

Contrary to the case law cited by the Defendant, this is not a case where the Plaintiff seeks to substitute the proper corporate defendant. *See, e.g., Lake v. Northern Va. Women's Med. Ctr., Inc.*, 253 Va. 255, 483 S.E.2d 220 (1997). Nor is this a case where the Plaintiff has filed a motion for judgment against the "estate" of a deceased person and is now seeking to amend the pleadings and substitute the personal representative as the defendant. *See, e.g., Swann v. Marks*, 252 Va. 181, 476 S.E.2d 170 (1996). This is, in fact, a case where the Plaintiff has clearly informed both the Court and the opposing party of the claim being made and the proper party against whom such a claim is being brought.

In sum, the facts presented here do not constitute a misnomer, which is a mistake in name, but not in person. *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971). Nor do they constitute a misjoinder, where the person or entity identified in the pleading is not the person or entity against whom an action could, or is intended to, be brought. *See, e.g., James v. Peyton*, 277 Va. 443, 674 S.E.2d 864 (2009). Here, the most straightforward reading of the complaint identifies "Nancy I. Hunt" as the party Defendant. Based on the pleadings, the proper party is before the Court and under the proper name, "Nancy I. Hunt, Executrix of the estate of Herbert F. Johnson, Jr." The Plaintiff recommenced the action within the limitations period prescribed by Virginia Code § 8.01-229(E)(3), and Hunt received service of process within one year of the institution of the action as required under Virginia Supreme Court Rule 3:5. To rule otherwise would work the harshest of results inconsistent with the longstanding policy of having final judgments grounded on matters of substance.

## Conclusion

For the reasons stated above, the Court finds that the Plaintiff has properly identified Nancy I. Hunt as the Defendant in her capacity as Executrix of the estate of Herbert F. Johnson, Jr. If Hunt is, in fact, the Executrix of the estate of Herbert F. Johnson, Jr., she has received service of process within one year of the institution of the action as prescribed in Rule 3.5 of the Rules of the Supreme Court of Virginia. Defendant's Motion in Abatement and Plea in Bar of the Statute of Limitations are overruled.