PRESENT:  All the Justices

LINDA RICHMOND

v.  Record No. 150192

KATHERINE E. VOLK, f/k/a KATHERINE E.
CRAFT, a/k/a KATHERINE E. CORNETT

OPINION BY
JUSTICE CLEO E. POWELL
January 28, 2016

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Linda E. Richmond ("Richmond") appeals the decision of the trial court granting a

special plea in bar of the statute of limitations to a re-filed complaint in a personal injury action.

According to Richmond, the initial complaint tolled the running of the statute of limitations, even

though the initial complaint contained a misnomer that misnamed the defendant, Katherine E.

Volk ("Volk").

I.  BACKGROUND

On April 12, 2009, Richmond was injured when her vehicle was struck from behind by a

vehicle driven by Volk.[1]  The vehicle that Volk was driving at the time of the accident was

owned by Jeannie Cornett ("Cornett").  As Volk was a permissive user of Cornett's vehicle, it

was covered by Cornett's insurance policy, which was issued by State Farm Mutual Automobile

Insurance Company ("State Farm").

On February 28, 2011, Richmond filed a complaint (the "2011 complaint") to recover

damages for injuries she suffered in the collision.  The 2011 complaint was styled "Linda E.

Richmond v. Katherine E. Cornett."  A copy of the 2011 complaint was sent to State Farm on

April 13, 2011.

---

[1] At the time of the accident, Volk was unmarried and went by her maiden name,
Katherine E. Craft.

On January 26, 2012, after failing to negotiate a settlement with State Farm, Richmond directed the clerk to serve process on "Katherine E. Cornett a/k/a Katherine Craft." Richmond further provided the clerk with Cornett's address instead of Volk's address. The process was subsequently posted at Cornett's residence. On February 1, 2012, State Farm learned that process had been served on the wrong address. State Farm subsequently contacted Volk to discuss the claim on February 7, 2012.

On February 12, 2012, Volk filed a motion to quash service of process on the grounds that the service was invalid because it was served on the wrong address. Notably, Volk never claimed that she was not the person identified in the lawsuit. Indeed, in her motion to quash, Volk stated that she was "erroneously identified in the caption of [Richmond's] complaint as 'Katherine E. Cornett.'"

Richmond subsequently moved to nonsuit her claim. On November 9, 2012, the trial court entered a consent order granting the nonsuit. Counsel for Volk endorsed the consent order as "Counsel for Defendant."

On December 11, 2012, Richmond refiled her complaint (the "2012 complaint"). The 2012 complaint was styled: "Linda E. Richmond v. Katherine E. Volk, f/k/a Katherine E. Craft, a/k/a Katherine E. Cornett." The 2012 complaint was properly served on Volk at her home address.

On December 27, 2012, Volk filed a special plea in bar, asserting that Richmond's claim was barred by the statute of limitations. In her plea in bar, Volk argued that the 2011 complaint did not toll the statute of limitations because the 2012 complaint did not relate back to the 2011 complaint due to Richmond's failure to meet the requirements of Code § 8.01-6.

After hearing argument on the matter, the trial court issued a letter opinion dated September 25, 2014. In its letter opinion, the trial court ruled that Volk "is not the same person or entity as Katherine E. Cornett." The trial court further determined that Richmond could not rely on Code § 8.01-6 because she had not sought to correct the error within the time period established in the statute. Accordingly, the trial court sustained Volk's plea in bar.

Richmond appeals.

## II. ANALYSIS

On appeal, Richmond argues that the trial court erred in sustaining the special plea in bar because the statute of limitations was tolled when she filed the 2011 complaint. Richmond contends that the record demonstrates that Volk was always the other party to the case, even though the 2011 complaint used the misnomer "Katherine E. Cornett." Richmond relies heavily on the fact that, by endorsing the nonsuit order, Volk acknowledged the fact that she was the party defendant to the 2011 complaint. Volk acknowledges that the name "Katherine E. Cornett" is a misnomer, but asserts that the filing of the 2011 complaint did not toll the running of the statute of limitations because Richmond failed to correct the misnomer within the time period contemplated by Code § 8.01-6. According to Volk, absent such an amendment, she was never actually a party to the nonsuited action.

This Court has recognized that, where a complaint incorrectly names a party, such an error is either a misnomer or a misjoinder. A misnomer is a mistake in the name, not the identification, of a party. See Rockwell v. Allman, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971) (per curiam) ("A misnomer is a mistake in name, but not person."). In other words, a misnomer occurs where the proper party to the underlying action has been identified, but incorrectly named. Swann v. Marks, 252 Va. 181, 184, 476 S.E.2d 170, 171 (1996). Misjoinder,

3

on the other hand, arises when "the person or entity identified by the pleading was not the person by or against whom the action could, or was intended to be, brought." Estate of James v. Peyton, 277 Va. 443, 452, 674 S.E.2d 864, 869 (2009).

In the present case, the parties agree that Richmond's use of the name "Katherine E. Cornett" was a misnomer. However, the determination of whether an incorrectly named party is a misnomer or misjoinder is a question of law. See id. at 447, 674 S.E.2d at 865 ("Whether a pleading has adequately identified the proper party to be sued is a question of law."). Accordingly, we are not bound by the parties' agreement on this issue. See Wright v. Commonwealth, 278 Va. 754, 760 n.3, 685 S.E.2d 655, 658 n.3 (2009) (stating that questions of law are "not subject to a concession binding on this Court").

The key distinction between a misnomer and misjoinder is whether the incorrectly named party in the pleading is, in fact, a correct party who has been sufficiently identified in the pleadings. To determine whether the mistake is a misnomer or misjoinder, "we consider the pleading as a whole." Estate of James, 277 Va. at 455, 674 S.E.2d at 869.

> Thus, whether a party named in a caption is a proper party to the action is to be determined not merely by how that party is identified in the caption of the pleading, but by the allegations set forth within a pleading that identify that party more specifically.

Id.

Here, although Richmond named "Katherine E. Cornett" as the defendant in the 2011 complaint, the pleading, when considered as a whole, clearly identifies Volk as the proper party to the action. Notably, the facts laid out in the 2011 complaint establish that the intended defendant was the driver of a specific vehicle that was in a specific location at a specific time and that the driver of that vehicle committed a specific act. As Volk is the only person that fits this description, it is readily apparent that she was the person against whom the action was intended

4

to be brought. Thus, we agree that the Richmond's use of the name "Katherine E. Cornett" was a misnomer and not misjoinder.

Having determined that the naming of "Katherine E. Cornett" in the 2011 complaint was a misnomer, we next must determine what effect, if any, the failure to correct that misnomer prior to taking a nonsuit had in the present case. Volk claims that Code § 8.01-6[2] is the sole mechanism for correcting a misnomer and that the failure to correct the misnomer under Code § 8.01-6 prevents Code § 8.01-229(E) from tolling the statute of limitations. We note, however, that Volk's argument is analogous to an argument that we expressly rejected in Clark v. Butler Aviation-Washington National, Inc., 238 Va. 506, 385 S.E.2d 847 (1989).

In Clark, the plaintiff served process on the defendant more than one year after the action was commenced. Id. at 508, 385 S.E.2d at 847. In response to defendant's motion to quash, the plaintiff took a nonsuit. Id. When the plaintiff refiled his action, the defendant filed a plea in bar, arguing that the claim was barred by the provisions of what is now Rule 3:5(e) and the statute of limitations. Id. The trial court sustained the plea in bar and the plaintiff appealed the ruling to this Court. Id. On appeal, this Court ruled that, although the predecessor of current

---

[2] Code § 8.01-6 states:

> A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Rule 3:5(e) prevented the entry of any judgment against the defendant in the original action, it did not prevent the statute of limitations from being tolled by operation of Code § 8.01-229(E). Id. at 511-12, 385 S.E.2d at 849-50.

Although the present case involves a statute rather than a rule of Court, the logic of Clark is still applicable. As with the failure to serve process within one year of filing the action, the failure to correct a misnomer under Code § 8.01-6 may have an adverse effect on the trial court's ability to enter judgment for or against a party in the original action.[3] However, as a practical matter, the failure to correct a misnomer under Code § 8.01-6 does not prevent the operation of Code § 8.01-229(E)(3) upon the taking of a nonsuit. Notably, the plain language of Code § 8.01-6 indicates that any amendment made under the statute "relates back to the date of the original pleading." (Emphasis added.) The taking of a nonsuit, however, puts an end to the original action, Thomas Gemmell, Inc. v. Svea Fire & Life, Ins., 166 Va. 95, 97, 184 S.E. 457 (1936), and the recommenced action "stands independently of any prior nonsuited action," Antisdel v. Ashby, 279 Va. 42, 47, 688 S.E.2d 163, 165 (2010). Thus, there is no "original pleading" to relate back to for the purposes of Code § 8.01-6.

Furthermore, Code § 8.01-229(E) tolls the statute of limitations independent of Code § 8.01-6. This Court has recognized that, for the tolling provisions of Code § 8.01-229(E) to apply, "there must be identity of the parties" in the initial action and the recommenced action. Casey v. Merck & Co., 283 Va. 411, 417, 722 S.E.2d 842, 846 (2012). A misnomer, as previously noted, only speaks to the name of a party, not the identity of a party. Thus, where, as here, the name of a party is changed in a subsequent action for the purpose of correcting a

_____

[3] The present case does not require us to decide what effect the failure to correct a misnomer may have upon the ability of a trial court enter judgment for or against a party. Accordingly, we make no ruling on the matter.

6

misnomer that existed in the initial action, there has been no change in the identity of the parties. Therefore, the identity requirement of Code § 8.01-229(E) has been met and the tolling effect of the statute applies.

## III. CONCLUSION

Although she was not properly named, there is no doubt that the Volk was the party identified in the 2011 complaint. Accordingly, the tolling provisions of Code § 8.01-229(E) apply. Upon the filing of the 2011 complaint, the statute of limitations was tolled by operation of Code § 8.01-229(E)(1). When Richmond took a voluntary nonsuit, the statute of limitations was tolled for an additional six months from the date of the nonsuit by operation of Code § 8.01-229(E)(3). Therefore, because Richmond filed the 2012 complaint within that six-month period and correctly named Volk as the defendant, the trial court erred in granting the plea in bar. For the foregoing reasons, we will reverse the decision of the trial court granting Volk's plea in bar based on the statute of limitations and we will remand the matter to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

JUSTICE KELSEY, with whom JUSTICE GOODWYN and JUSTICE McCLANAHAN join, dissenting.

The nonsuit statute, Code § 8.01-380, goes a long way toward inoculating plaintiffs (but not defendants) from many of the adverse consequences associated with missing filing deadlines or violating other procedural rules governing litigation.[1] Our cases have liberally interpreted the

---

[1] The plaintiff's argument on appeal accurately describes the popular view of the nonsuit statute. See Oral Argument Audio at 3:29 to 4:08 ("There's no question that when, just about anybody nonsuits a case they're doing it because there's a defect in the first case, usually something they're scared of, could be approaching trial, could be a missed deadline . . . . [T]he plaintiff chooses, instead of going to the court's mercy and using its discretion to get a due

statute to do just that.  See, e.g., Clark v. Butler Aviation-Washington Nat'l, Inc., 238 Va. 506, 511-12, 385 S.E.2d 847, 849-50 (1989).  As a result, the nonsuit has become "a powerful tactical weapon" found only "in the arsenal of a plaintiff."  INOVA Health Care Servs. v. Kebaish, 284 Va. 336, 344, 732 S.E.2d 703, 707 (2012) (quoting Trout v. Commonwealth Transp. Comm'r, 241 Va. 69, 73, 400 S.E.2d 172, 174 (1991)).  I see no need to enhance the potency of that asymmetric weapon by judicially construing its targeted reach beyond existing limits.

I.

Code § 8.01-229(E)(3) permits a plaintiff to "recommence *his* action" within six months from a nonsuit order, even if the applicable "statute of limitations with respect to *such* action" would otherwise have expired by then, so long as the nonsuited action was filed within the original limitations period.  Id. (emphasis added).  The majority correctly recognizes that this statutory text presupposes that "there must be identity of the parties" in the initial and recommenced actions for the tolling provision to apply.  Ante at 6 (quoting Casey v. Merck & Co., 283 Va. 411, 417, 722 S.E.2d 842, 846 (2012)).

The tolling provision does not apply in this case because the plaintiff filed her first complaint against Katherine E. Cornett.  After that action was nonsuited, the plaintiff filed a new complaint against Katherine E. Volk, formerly known by her maiden name as Katherine E. Craft. Volk has never had the name "Cornett" and has never been known by that name.  Thus, Katherine E. Cornett is not now, and never has been, the "identity of the [defendant]."  Casey, 283 Va. at 417, 722 S.E.2d at 846.

The plaintiff, however, has an easy answer to this problem:  She *meant* to sue Volk in the first suit but mistakenly used the wrong name.  I have no doubt that is true, but I do not see why

diligence ruling, to use a nonsuit to remedy the problem . . . .  So this is certainly a remedy here.").

8

it matters. As the circuit court correctly observed, "Cornett" is not "Volk." The plaintiff could have easily corrected her mistake by filing a timely motion to amend her first complaint under Code § 8.01-6, which specifically allows an "amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise" and permits relation-back to the original pleading for the purpose of the statute of limitations. The plaintiff, however, did not follow the procedure authorized in this statute at any time prior to the nonsuit.[2]

Instead of complying with Code § 8.01-6, the plaintiff attempted to cure her pleading mistake by serving process on "Katherine E. Cornett a/k/a Katherine Craft" at the home address of Jeannie Cornett. This effort compounded the problem on several levels. First, the plaintiff could not unilaterally amend her complaint simply by changing the name of the defendant on the process summons.[3] Second, the plaintiff had no information suggesting that Katherine E. Cornett existed. Third, Katherine Craft had never been "also known as" Katherine E. Cornett. Finally, neither Katherine E. Cornett nor Katherine Craft lived at the home of Jeannie Cornett.[4]

---

[2] The record does not reveal when the plaintiff realized her mistake. The record is clear about one thing, however. The plaintiff's mistake was wholly of her own doing. The police report specifically identified "Craft, Katherine Earlene" as the driver of the vehicle. J.A. at 29, 35 (showing the "Driver's Name (Last, First, Middle)"). The plaintiff has never alleged that anyone misled her or that she reasonably relied on incorrect information supplied by others.

[3] See Rule 1:8 ("No amendments shall be made to any pleading after it is filed save by leave of court."); W. Hamilton Bryson, Virginia Civil Procedure § 6.09[1], at 6-74 (4th ed. 2005) ("In Virginia practice, a party wishing to amend a pleading must obtain prior leave of court upon motion with notice to all other parties."); Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 11.2[B], at 814 (6th ed. 2014) ("[A]fter filing, all amendments take place only if permitted through leave granted by the trial judge."); cf. Rule 3:5(a) ("The party upon whom this summons and the attached complaint are served is hereby notified that . . . the court may enter an order, judgment or decree against such party either by default or after hearing evidence.").

[4] In response to the flawed service of process, Katherine E. Volk made a special appearance and moved to quash service. A motion to quash service of process constitutes a special, not general, appearance. See Bryson, supra note 3, § 3.03[2], at 3-30; Martin P. Burks, Common Law and Statutory Pleading and Practice § 47, at 100 (T. Munford Boyd, ed., 4th ed.

9

None of this matters, the plaintiff contends, because Katherine E. Cornett and Katherine E. Volk are, in fact, the *same party*, only spelled differently, and, on this premise, the nonsuit statute trumps the misnomer statute. Underlying this view, however, is the unexamined assumption that an amendment correcting a misnomer, by definition, does not change the party against whom the claim is asserted.

The problem with this assumption is that the General Assembly expressly rejected it in Code § 8.01-6, which governs any "amendment *changing the party* against whom a claim is asserted, *whether to correct a misnomer or otherwise*." Id. (emphasis added). The syntax of this provision is unmistakable: A "misnomer" amendment is just one example, among others, of "changing the party" for purposes of Code § 8.01-6.[5] By drafting this provision in this way, the General Assembly made clear that the process for amending a pleading applies equally to both misnomers and non-misnomers — because both are treated as "changing the party against whom a claim is asserted." Id. Within the narrow context of Code § 8.01-6, therefore, the notoriously illusive distinction between changing a party and misspelling a party's name[6] should play no role

---

1952); 1 Charles E. Friend & Kent Sinclair, Virginia Pleading & Practice § 4.02[4][b], at 4-16 (2d ed. 2007). Having never made a general appearance in the first suit, Volk did not submit to the court's jurisdiction when her counsel signed the nonsuit order entered in response to her motion to quash. Cf. Johnson v. Hart, 279 Va. 617, 624, 692 S.E.2d 239, 243 (2010) (holding that a party "cannot be deemed to have abandoned" a previous position simply by endorsing an "order in his favor").

[5] In support of its limited definition of misnomer, the majority relies primarily upon Rockwell v. Allman, 211 Va. 560, 179 S.E.2d 471 (1971) (per curiam), which predated the relevant amendment to Code § 8.01-6 by more than two decades. We have regrettably repeated the definition from Rockwell in recent years without specifically analyzing the amended text of Code § 8.01-6. See, e.g., Estate of James v. Peyton, 277 Va. 443, 452, 456, 674 S.E.2d 864, 869-70 (2009); Swann v. Marks, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996).

[6] Compare Estate of James, 277 Va. at 456, 674 S.E.2d at 870 (considering the party description of "the Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esq." as misjoinder for failure to name the administrator of the estate), with Jacobson v. Southern Biscuit Co., 198 Va. 813, 817-18, 97 S.E.2d 1, 4-5 (characterizing the difference between "Weston

10

in determining whether an amendment should be allowed.  The same standard governs both situations.[7]

## II.

The tangled narrative of this case illustrates a neglect of the most basic of pleading principles:  "All of the parties to a lawsuit must be identified and named with accuracy," W. Hamilton Bryson, Virginia Civil Procedure § 5.01, at 5-2 (4th ed. 2005), because "one of the rules of good pleading requires that the correct name of the parties litigant be used in the pleadings," Baldwin v. Norton Hotel, Inc., 163 Va. 76, 80, 175 S.E. 751, 752 (1934).  "These matters are elemental, and a mere restatement of them discloses the necessity for definiteness and accuracy in naming the defendant."  Id.

The plaintiff violated these principles by suing Katherine E. Cornett, a person who apparently does not exist.  At some point the plaintiff realized the true name and identity of the proper defendant.  But at no point prior to the nonsuit did the plaintiff follow the statutory procedure for correcting "a misnomer or otherwise" under Code § 8.01-6.  She instead tried to bury the mistake by serving a flawed process summons.  When this proved unsuccessful, the plaintiff simply nonsuited the action, guessing (correctly, it turns out) that the nonsuit would provide a risk-free cure for her misnomer mistake without the trouble of complying with Code § 8.01-6.[8]

---

Biscuit Company, Inc." and "Southern Biscuit Company, Inc." as a misnomer because Weston "bore a real relation of interest to the original party and to the suit").

[7] I offer no comment on the plaintiff's implicit view that this conflation of concepts confuses, rather than improves, the clarity of the law.  In Virginia, the legislature is "the author of public policy."  Campbell v. Commonwealth, 246 Va. 174, 184 n.8, 431 S.E.2d 648, 654 n.8 (1993).  "We can only administer the law as it is written."  Coalter v. Bargamin, 99 Va. 65, 71, 37 S.E. 779, 781 (1901).

[8] It was in fact a guess.  No prior Virginia case has interpreted the nonsuit statute to be an anodyne for a plaintiff's misnomer mistakes.  Clark, the only case cited by the majority as

Under Code § 8.01-6, however, *only a court* can correct "a misnomer or otherwise" in a plaintiff's complaint. Nothing in the nonsuit statute, Code § 8.01-380, or its related tolling statute, Code § 8.01-229(E)(3), implies that a plaintiff can unilaterally correct a misnomer with a refiled pleading — thereby rendering Code § 8.01-6 irrelevant. Interpolating a misnomer-or-otherwise remedy into these statutes involves an expansive exercise in statutory construction that runs afoul of established maxims counseling that "[w]e accord each statute, insofar as possible, a meaning that does not conflict with any other statute," Conger v. Barrett, 280 Va. 627, 631, 702 S.E.2d 117, 118 (2010) (alteration in original and citation omitted), and declaring that, if the harmonizing effort does not resolve the conflict, "the more specific enactment prevails over the more general," Eastlack v. Commonwealth, 282 Va. 120, 126, 710 S.E.2d 723, 726 (2011).

III.

The nonsuit's status as "a powerful tactical weapon" found exclusively "in the arsenal of a plaintiff," INOVA Health Care Servs., 284 Va. at 344, 732 S.E.2d at 707 (citation omitted), needs no judicial enhancements to further extend its range. We have never held that it could be used by a plaintiff to remedy unilaterally "a misnomer or otherwise" defect involving the identity of a defendant, a subject specifically addressed by Code § 8.01-6. Expanding the nonsuit's reach in this manner involves a policy judgment that the legislature, not the judiciary, should make.

I respectfully dissent.

---

analogous, involved a refiled action against exactly the same party with exactly the same name. Clark did not mention, much less analyze, the use of a nonsuit to bypass the process of correcting a misnomer as set out in Code § 8.01-6.