COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Causey
Argued at Alexandria, Virginia

UNPUBLISHED

DAWN MONROE

MEMORANDUM OPINION* BY
v.      Record No. 0051-23-2        JUDGE CLIFFORD L. ATHEY, JR.
                                    APRIL 9, 2024

MARY WASHINGTON HEALTHCARE

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Sarah L. Deneke, Judge

David L. Epperly, Jr. (Epperly & Follis, P.C., on briefs), for
appellant.

(Robyn P. Ayres; Brian B. Vieth; Goodman Allen Donnelly, PLLC,
on brief), for appellee. Appellee submitting on brief.

Dawn Monroe ("Monroe") appeals the dismissal with prejudice of her suit against the

corporate entity Mary Washington Healthcare ("Healthcare"). She argues on appeal that Healthcare

was a proper party, or in the alternative, that the Circuit Court of the City of Fredericksburg ("circuit

court") erred in denying her motion to add a different party defendant to the suit. Finding no error,

we affirm the order of the circuit court.

I. BACKGROUND

Monroe filed a personal injury action against two corporate entities, Mary Washington

Hospital, Inc. ("Hospital, Inc.") and Healthcare, for a slip and fall that took place at the

Tompkins-Martin Medical Plaza ("Medical Plaza") in Fredericksburg. Her complaint described

both defendant corporations, subsequently referring to them as either "Defendant Hospital" or

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

"Defendant Healthcare." Monroe further asserted that the Medical Plaza was "owned by, and/or under the control of" the named defendants.

The defendants filed a motion to drop and dismiss Hospital, Inc. and Healthcare as improper parties pursuant to Code § 8.01-5, alleging that both corporate defendants were "improperly misjoined parties" as a result of Medical Plaza actually being owned by a separate corporate entity, Tompkins-Martin Medical Plaza LLP ("Tompkins-Martin"), and maintained by MediCorp Properties, Inc. In support thereof, the defendants attached Exhibit A to the motion to dismiss which reflected that the information regarding ownership of the Medical Plaza property where the accident occurred was publicly available online through a Fredericksburg website property search. In response, Monroe contended on brief that the distinction between Healthcare and Tompkins-Martin should be disregarded as intending to "defraud and wrong" Monroe. Monroe cited the relevant incident report, which used the language "Mary Washington Healthcare Security Report." She also attached the defendants' interrogatory answer that identified the name of the security guard on duty at the time of the incident and stated that he may be contacted through defense counsel.

During oral argument on the motion to dismiss, Monroe further asserted that she was entitled to amend her complaint and substitute Tompkins-Martin for Healthcare because she had simply misnamed Healthcare as a defendant. Healthcare objected to Monroe's misnomer argument as being made without prior notice. Following oral argument, the circuit court held that the defendants, Hospital, Inc. and Healthcare, were, in fact, misjoined as defendants and orally granted their motion to dismiss.[1] The circuit court also held that since Monroe's misnomer claim had not been properly noticed, the matter was not properly before the circuit

---

[1] Monroe conceded at oral argument that Hospital, Inc. was an improper party but argued that Healthcare should remain in the suit.

court. Monroe then stated her intent to file an amended complaint to argue the misnomer issue, but the defendants objected on the grounds that the suit had been dismissed against both defendants, making any further action, including filing an amended complaint, improper. The circuit court entered an order dismissing Hospital, Inc. on November 7, 2022. This order stated that this dismissal did not apply to Healthcare.

The circuit court requested additional briefing on the issue of whether Monroe could add additional parties to the suit following the oral dismissal of the suit against the misjoined defendants. Monroe then contended on brief that Code § 8.01-5 gave statutory authority to the trial court to add new parties "at any time as the ends of justice may require" and as a result, requested leave to amend her complaint. In this brief, Monroe noted that "[a]ccording to the Defendants, the appropriate Defendants are Medicorp Properties, Inc. . . . and Tompkins-Martin Medical Plaza, LLP." She further argued on brief that "[t]here is no prejudice to an amendment adding Defendants." Monroe made no argument on brief concerning the misnomer issue. A letter opinion dated November 21, 2022, stated that "[t]his is not a case of misjoinder or nonjoinder, this is quite simply a suit filed against the wrong corporate entities." The circuit court subsequently entered a final order on December 12, 2022, dismissing the suit against Healthcare with prejudice and denying Monroe's motion to add an additional party.[2] Monroe appeals from that order.

## II. ANALYSIS

A. *Standard of Review*

In filing a complaint, a plaintiff must "express the nature of the claim being asserted, *and the identity of the party against whom it is asserted*, in clear and unambiguous language so as to

---

[2] The order dismissing the suit against Hospital, Inc. with prejudice was entered on November 7, 2022, by way of party consent.

inform both the court and the opposing party of the nature of the claim." *Ray v. Ready*, 296 Va. 553, 558 (2018) (quoting *Est. of James v. Peyton*, 277 Va. 443, 450 (2009)); *see* Rule 1:4. "Whether a pleading has adequately identified the proper party to be sued is a question of law, which we review de novo." *Id.* (citing *James*, 277 Va. at 447). If the identification is incorrect, whether it constitutes "misnomer or misjoinder is a question of law reviewed de novo." *Hampton v. Meyer*, 299 Va. 121, 127 (2020) (citing *Richmond v. Volk*, 291 Va. 60, 64-65 (2016)).

"The decision whether to grant leave to amend a complaint rests within the sound discretion of the trial court." *Kimble v. Carey*, 279 Va. 652, 662 (2010). "[I]t is in the discretion of the court, at any time before verdict is rendered, to allow amendments of the pleadings which will operate in favor of justice." *Emerald Point, LLC v. Hawkins*, 294 Va. 544, 561 (2017) (quoting *Whitley v. Booker Brick Co.*, 113 Va. 434, 437 (1912)).

B. *The circuit court did not err in dismissing Healthcare.*

Monroe argues on appeal that the circuit court erred in dismissing Healthcare from the suit. We disagree.[3]

"Misjoinder . . . arises when 'the person or entity identified by the pleading was not the person by or against whom the action could, or was intended to be, brought." *Marsh v. Roanoke City*, 301 Va. 152, 155 (2022) (quoting *Volk*, 291 Va. at 64). Code § 8.01-5(A) states that:

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or

---

[3] Healthcare argues that the case was over the moment the circuit court orally granted the motion to dismiss for misjoinder and no further action could be taken on a case without a defendant. This argument contradicts "the firmly established law of this Commonwealth that a trial court speaks only through its written orders" which "speak as of the day they were entererd." *Kosko v. Ramser*, 299 Va. 684, 689 (2021) (quoting *Davis v. Mullins*, 251 Va. 141, 148 (1996)). The circuit court's oral pronouncement did not dismiss the defendants outright, and Healthcare's argument on appeal to that effect can be disregarded. We therefore fully address Monroe's claims on the merits.

- 4 -

otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

"[A] misjoinder is simply not subject to being legitimized by substituting the correct party. The only resolution in such a case, in the absence of a statute of limitations bar, is to commence a new action against the proper party." *Ray*, 296 Va. at 559 (quoting *James*, 277 Va. at 456). When misjoinder occurs, the proper party cannot "be substituted for [the improper party] under the concept of correcting a misnomer." *Id.* at 559 (quoting *Swann v. Marks*, 252 Va. 181, 184 (1996)). "The key distinction between a misnomer and misjoinder is whether the incorrectly named party in the pleading is, in fact, a correct party who has been sufficiently identified in the pleadings." *Hampton*, 299 Va. at 128 (quoting *James*, 277 Va. at 455).

The record supports the circuit court's determination that Monroe filed suit against the wrong entity by way of misjoinder, not misnomer. Paragraph three of Monroe's complaint emphasizes the identity of the party being sued:

> The Defendant, Mary Washington Healthcare (hereinafter "Healthcare") is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the Commonwealth of Virginia, engaged in the business of providing healthcare to the public and is located at 2300 Fall Hill Avenue Fredericksburg, VA 22401.

Monroe's identification of Healthcare as a corporate entity demonstrates her clear intent to sue that specific entity. Further, the circuit court concluded in its final order that both Hospital, Inc. and Healthcare were misjoined parties in the action. As such, it was not error for the circuit court to determine the parties were misjoined and to then grant Healthcare and Hospital, Inc.'s motion to dismiss.

The record also fails to support Monroe's claim that Healthcare was a proper party to the suit. "The separate corporate entities of corporations will be observed by the courts unless a corporation is shown to be the 'adjunct, creature, instrumentality, device, stooge, or dummy of

- 5 -

another corporation.'" *Eure v. Norfolk Shipbuilding & Drydock Corp., Inc.*, 263 Va. 624, 634 (2002) (quoting *Beale v. Kappa Alpha Ord.*, 192 Va. 382, 399 (1951)). Courts may only disregard this distinction "when one is used to defeat public convenience, justify wrongs, protect fraud or crime of the other." *Id.* (quoting *Beale*, 192 Va. at 399). The party seeking to hold a parent company liable bears the burden of providing sufficient facts to justify disregarding the separation of entities. *Id.* Whether this burden is met is a question of fact, and "we will only reverse the finding of the trial court if it is plainly wrong or without evidence to support it." *Id.* at 631 (citing *W.S. Carnes, Inc. v. Bd. of Supervisors*, 252 Va. 377, 385 (1996)).

Here, the record similarly supports the circuit court's finding that Tompkins-Martin and Healthcare are separate corporate entities for purposes of the suit. The facts Monroe contends support her claim include: 1) that the top of the relevant incident report listed "Mary Washington Healthcare"; 2) that in discovery, Healthcare's defense counsel identified the security guard as a witness; 3) that a Google search for Tompkins-Martin Medical Plaza leads to the Mary Washington Healthcare website; 4) that the State Corporation Commission has records for "Tompkins-Martin Medical Plaza, LP" and "Tompkins-Martin Medical Plaza, LLLP" but none for an "LLP"; and 5) that Healthcare has the same officers and directors as Medicorp Properties, Inc., which is the corporate entity that maintains Tompkins-Martin Medical Plaza which is owned by Tompkins-Martin LLP.

While Monroe's claims could potentially show that Healthcare "may dominate or control [Medical Plaza], or may treat it as a mere department [or] instrumentality," the trier of fact may conclude the evidence insufficient as a basis to disregard their corporate separation. *Eure*, 263 Va. at 634 (second alteration in original) (quoting *Beale*, 192 Va. at 399). Here, the circuit court was entitled to determine that Monroe failed to establish that the entities' separation was "used to defeat public convenience, justify wrongs, protect fraud or crime of the other." *Id.* (quoting

*Beale*, 192 Va. at 399). In addition, Monroe failed to perform a simple online property search; the results of this search would have shown Tompkins-Martin was the owner of Medical Plaza. In *Eure*, the plaintiff argued that an application for credit that used a different corporate entity's name at the top while also having no board of directors showed that the one entity was the "alter ego" of the other entity, to which the Supreme Court affirmed the trial court's finding that such evidence was insufficient "to allow the trial court to disregard the corporate form." *Id.* at 634-35. Similarly, here Monroe fails to meet the burden for piercing the corporate veil on the basis that "Mary Washington Healthcare" was listed at the top of incident report and that membership overlapped between the two entities' (Healthcare and MediCorp Properties, Inc.) boards of directors. The circuit court's decision is therefore not "plainly wrong or without evidence to support" it, and we will not disturb that decision on appeal. *Id.* at 631.

C. *The circuit court did not abuse its discretion in denying Monroe's motion to add additional party defendants to the suit.*

Monroe argues pursuant to Code § 8.01-5 that the circuit court erred in denying her motion to add Tompkins-Martin and Medicorp Properties, Inc. as party defendants. Monroe also appears to raise a misnomer argument.[4] We disagree.

Code § 8.01-5(A) by its plain language "would permit the joinder of . . . an additional party plaintiff at any time as the ends of justice may require. The statute is remedial in nature and therefore should be liberally construed." *Addison v. Jurgelsky*, 281 Va. 205, 210 (2011) (emphasis omitted) (citing *Carroll v. Johnson*, 278 Va. 683, 693 (2009)). "Section 8.01-5 carries forward the policy of former § 8-96 by providing that parties may be added to or dropped from

_____

[4] "[A] misnomer occurs where the proper party to the underlying action has been identified, but incorrectly named." *Marsh*, 301 Va. at 155 (alteration in original) (quoting *Volk*, 291 Va. at 64). To the extent that Monroe attempts to frame her misjoinder claim as a misnomer claim, such an error could not be corrected through a motion to amend her complaint to substitute an entirely different corporate entity. *Ray*, 296 Va. at 558-59; *see also Swann*, 252 Va. at 184; *James*, 277 Va. at 456.

- 7 -

an action without prejudice until all parties necessary for the just disposition of the case are before the court." *Michael E. Siska Revocable Tr. ex rel. Siska v. Milestone Dev.*, LLC, 282 Va. 169, 178 (2011).

While Code § 8.01-5(A) is a liberally construed statute that "would permit the joinder of . . . an additional party," this is to be construed within the ends of justice for all parties, not just for the sake of the party making this request. *See Addison*, 281 Va. at 210. Here, in balancing the equities, it cannot be said that the circuit court abused its discretion in denying Monroe leave to amend her complaint. Monroe only raised the oral motion to add an additional party while the circuit court was considering Healthcare and Hospital, Inc.'s motion to dismiss and drop for misjoinder. Additionally, Monroe's initial case was filed in April of 2018, before being nonsuited in August of 2020. This present action was filed on January 21, 2021. Considering that it has been almost eight years since the initial personal injury event occurred in April of 2016 and that the circuit court found that neither Healthcare nor Hospital, Inc. were proper party defendants, we cannot say that the circuit court abused its discretion in denying Monroe leave to amend her complaint to add additional parties.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed*.