COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Friedman
Argued by videoconference

PUBLISHED

ISAIAS TESSEMA

OPINION BY
v.        Record No. 0865-24-4        JUDGE DANIEL E. ORTIZ
SEPTEMBER 30, 2025

CATHERINE ANN MOULTHROP

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge[1]

John S. Koehler (Christopher M. Di Riso; Kenneth LaDuca;
Kenneth A. Koppelman; The Law Office of James Steele, PLLC;
Price Benowitz, LLP, on briefs), for appellant.

(Alicia L. Summers; Desmond L. Rice; Ramika D. Stephens &
Associates, on brief), for appellee.

James L. Hoyle (Robert E. Worst; Kalbaugh, Pfund & Messersmith,
P.C., on briefs), for Erie Insurance Company.

A voluntary nonsuit is a "powerful tactical weapon" in a plaintiff's arsenal. *Temple v. Mary Washington Hosp., Inc.*, 288 Va. 134, 140 (2014). But it does not allow a plaintiff to keep one foot on the boat and one foot on the dock. Whether by amendment or nonsuit, a plaintiff seeking to cure a misnomer must satisfy the protective preconditions of Code § 8.01-6. Isaias Tessema cannot show that, as required by § 8.01-6, Catherine Ann Moulthrop or her agent received notice of the institution of the action within the statute of limitations. Tessema's refiled complaint therefore cannot relate back to the date of his first filing, so the statute of limitations bars his claim. For that reason, we affirm the circuit court's judgment.

---

[1] Judge David Bernhard presided over the proceedings below. Now a member of this Court, Judge Bernhard took no part in this decision.

BACKGROUND

On April 15, 2017, Catherine Ann Moulthrop and Isaias Tessema were involved in a vehicle-bicycle collision. Moulthrop was the driver, and Tessema was the cyclist. On June 15, 2017, State Farm responded to a claim inquiry from Tessema. The letter to Tessema's counsel identified "Catherine A. Moulthrop" as "[o]ur insured," and said, "We have carefully considered the facts of this accident. Based on our investigation, we do not believe our insured was legally liable for your damages. In the absence of legal liability, we could not be justified in making settlement. Therefore, we must deny payment of this claim."

Two years later and just shy of the statute of limitations, Tessema filed a complaint on April 9, 2019, against "Katherine A. Illingworth AKA Katherine A. Multhrop." Then, on January 2, 2020, Tessema served the complaint on Illingworth, née Moulthrop—a woman living in Colorado with no connection to the accident. The next day, Illingworth notified Tessema's counsel that she was not the correct party in the suit. So, Tessema moved the Fairfax Circuit Court for leave to amend his complaint and correct a misnomer under Code § 8.01-6. In his motion, Tessema claimed that State Farm was on notice of the claim since 2017. Notably absent from the motion and supporting affidavit, however, is any claim or evidence informing the court that Moulthrop or State Farm had notice of the institution of Tessema's action. But, by order entered February 5, 2020, the court granted the motion, deemed Tessema's amended complaint filed as of February 5, 2020, and related the amended complaint back to the original filing date. "Katherine A. Illingworth AKA Katherine A. Multhrop" was dismissed from the case.[2]

Tessema then served Catherine Ann Moulthrop with the amended complaint around July 20, 2020. Moulthrop filed a plea in bar, arguing that Tessema's motion to amend and the court's

---

[2] Catherine Ann Moulthrop was not given notice of this motion or hearing and therefore did not respond or appear.

February 2020 order incorrectly concluded that there was a misnomer, that the complaint should not relate back to the first filing, and that the statute of limitations barred Tessema's claim. But, before the court could hear the motion, Tessema nonsuited the case.

Tessema filed a new action against Moulthrop on December 10, 2021. Moulthrop was served on October 29, 2022. She filed another plea in bar, again arguing that the naming mistake was a misjoinder, not a misnomer, and that the statute of limitations barred Tessema's claim. Tessema also served Erie Insurance, the uninsured carrier, with the complaint on December 27, 2022. Moulthrop and Erie Insurance then filed a joint memorandum in support of the plea in bar, adding arguments challenging the February 2020 order amending and relating back Tessema's complaint.

After argument on the motion, the circuit court issued a letter opinion and final order. The court first found that it was not bound by the February 2020 order from another judge on the court despite Tessema's intervening nonsuit. Because it was unclear from the record whether the requirements of Code § 8.01-6 were met, and Moulthrop was denied an opportunity to be heard on the motion because of the nonsuit, the court held that the prior order was voidable error; it could thus revisit the issue raised in Moulthrop's most recent plea in bar.

The court then ruled for Moulthrop. First, it found that the naming mistake was a misnomer rather than a misjoinder. It reasoned that "[s]o long as the intended entity to be identified in an automobile accident is the driver and the complaint sufficiently alleges the driver solely committed the tort, any mistake in name is a misnomer." The complaint "identified the correct entity . . . —the driver—and alleged all tortious activities were against that single entity," and there was enough specificity in the complaint to conclude that Tessema intended to bring the action against that driver. That said, the court held that Tessema's nonsuit to correct the misnomer was "not a shelter from" the protective preconditions of § 8.01-6(i)-(iv).

- 3 -

Analyzing § 8.01-6(ii), the court found that an "identity of interest" exists between all insurance companies and their insureds, such that notice to State Farm here could generally be imputed to Moulthrop. But Tessema could not show timely notice to State Farm *of the institution of the action* within the statute of limitations that could be imputed to Moulthrop. The court also found that, under § 8.01-6(iii), the delayed notice to Moulthrop would prejudice her in defending the merits of the claim. As a result, Tessema's amendment correcting the misnomer did not relate back to the filing of the original complaint under § 8.01-6, and the statute of limitations barred Tessema's claim. The court sustained Moulthrop's plea in bar and dismissed Tessema's complaint with prejudice.[3]

Tessema appeals.

### STANDARD OF REVIEW

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)). "[W]hen a trial court hears no evidence on a matter raised in a plea in bar, 'the trial court, and the appellate court upon review, must rely solely upon the pleadings in resolving the issue presented.'" *Our Lady of Peace, Inc. v. Morgan*, 297 Va. 832, 850 n.8 (2019) (quoting *Tomlin v. McKenzie*, 251 Va. 478, 480 (1996)); *cf. Cornell*, 301 Va. at 349 ("[I]f evidence is presented ore tenus, the circuit court's factual findings 'are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" (quoting *Massenburg*, 298 Va. at 216)). And "[w]hen the plea in

---

[3] The court initially suspended dismissal to allow Tessema to seek records showing that State Farm received notice of the institution of Tessema's suit within the statute of limitations. If the evidence showed that State Farm had timely knowledge of the suit, Tessema could move the court to reconsider its ruling. State Farm submitted its claim file to the court under seal for in-camera review. The court entered no other orders following its review, and Tessema did not move the court for reconsideration, so the final order went into effect on May 6, 2024.

bar depends on pure legal questions, including questions of statutory construction, we review the circuit court's holding de novo." *Id.* Indeed, "[w]hether the incorrect identification of a party is a misnomer or a misjoinder is a question of law reviewed de novo." *Hampton v. Meyer*, 299 Va. 121, 127 (2020) (citing *Richmond v. Volk*, 291 Va. 60, 64-65 (2016)).

ANALYSIS

Tessema argues on appeal that, although the circuit court correctly found that there was a misnomer, it erred by revisiting the issues addressed by the February 2020 order ruling that the amendment did not satisfy § 8.01-6's conditions and finding that Moulthrop would suffer prejudice in defending the suit. Moulthrop assigns cross-error, claiming that the court erred in finding that the mistaken name was a misnomer rather than a misjoinder and ruling that Tessema could amend under § 8.01-6. Erie Insurance also assigns cross-error to the court's ruling that it was a misnomer and not a misjoinder and that notice to State Farm could be imputed to Moulthrop under the doctrine of "identity of interests."

We affirm the circuit court's judgment, but for a different reason.

I. The Court's Reassessment of the Protective Preconditions in Code § 8.01-6

Tessema challenges, to begin with, whether the court could reassess an issue decided in the nonsuited action. The court held that its February 2020 order and Tessema's nonsuit did not, as a matter of due process, preclude it from reconsidering the issue of whether Tessema met the relation back protective preconditions in § 8.01-6. We agree, for a different reason.

"Under the right-result-different-reason principle, [this Court] 'do[es] not hesitate, in a proper case, where the correct conclusion has been reached but [a different] reason [is] given, to sustain the result [on the alternative] ground.'" *Laney v. Commonwealth*, 76 Va. App. 155, 162 n.3 (2022) (second, third, and fourth alterations in original) (quoting *Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020)). This Court may uphold a judgment under this theory "as long as

the record contains sufficient information to support the proper reason." *Haynes v. Haggerty*, 291 Va. 301, 305 (2016). This principle dovetails with the doctrine of judicial restraint, which "dictates that we decide cases 'on the best and narrowest grounds available.'" *Flowers v. Commonwealth*, 84 Va. App. 143, 165 n.6 (2025) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). Accordingly, the right-result-different-reason doctrine applies in cases "in which we express no view on the correctness of the lower court's rationale." *Rickman v. Commonwealth*, 294 Va. 531, 542 (2017).

A refiled action after a nonsuit has always been characterized as a "new" action, meaning it "stands independently of any prior nonsuited action." *Temple*, 288 Va. at 139 (quoting *Laws v. McIlroy*, 283 Va. 594, 600 (2012)). "[A] nonsuit [thus] 'leaves the situation as if the suit had never been filed'" unless a court order provides otherwise. *Id.* at 139-40 (quoting *Winchester Homes Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053, 1058 (4th Cir. 1994)). So, absent an order expressly incorporating a particular matter, no aspect of the nonsuited case is incorporated into the refiled action except for any claims and parties that have not been dismissed or otherwise eliminated. *Id.*

As an example, a defendant is not restricted to raising the same defenses it asserted in a prior nonsuited action. *See Antisdel v. Ashby*, 279 Va. 42, 47 (2010) (holding that the defendants' failure to challenge standing in the nonsuited action did not bar them from asserting it in the new action). Similarly, even when a court incorporates "all discovery conducted and taken" in the nonsuited action, such as interrogatories, depositions, and documents, it must independently incorporate motions to compel, objections, hearing transcripts, and so on into the

new action. *Temple*, 288 Va. at 140.[4]  Otherwise, "it is as if those motions, objections, and rulings never existed."  *Id.*  The same is true here.

Tessema's new action stood independently of the prior nonsuited action.  Thus, for any aspect of the nonsuited action to be incorporated into the present action, a court order had to explicitly permit it.  But there is no such order in the record here.  What's more, Moulthrop was entitled to reassert, or assert for the first time, any defense she considered necessary, whether or not she raised it in the prior nonsuited action.  Thus, the circuit court was not barred from adjudicating whether Tessema met the protective preconditions in Code § 8.01-6 for relation back, and whether the statute of limitations consequently barred his claim.

## II.  Misnomer versus Misjoinder

Both Moulthrop and Erie Insurance assign error to the circuit court's holding that the naming mistake here was a misnomer, not a misjoinder.  We agree with the circuit court.

When a complaint incorrectly names a party, the error is either a misnomer or a misjoinder.  *See Richmond v. Volk*, 291 Va. 60, 64 (2016).  "A misnomer is a mistake in the name, not the identification, of a party."  *Id.*  But a misjoinder is when "the person or entity identified by the pleading was not the person by or against whom the action could, or was intended to be, brought."  *Id.* (quoting *Est. of James v. Peyton*, 277 Va. 443, 452 (2009)).  To assess whether the incorrectly named party is correctly and sufficiently identified, "we consider the pleading as a whole."  *Hampton v. Meyer*, 299 Va. 121, 128 (2020) (quoting *Est. of James*,

---

[4] Although unpublished, other examples include *Botos v. Botos*, No. 0385-21-3, slip op. at 7-8, 2021 Va. App. LEXIS 200, at *9-11 (Nov. 9, 2021) (per curiam), where we held that the husband could not raise appellate challenges to rulings on his recusal motions when the trial court did not expressly incorporate any ruling from the original action into the refiled action, and *Barrett v. Minor*, No. 0173-14-3, slip op. at 14, 2015 Va. App. LEXIS 165, at *19-21 (May 12, 2015), where this Court rebuffed the appellant's argument that the files from the nonsuited cases should have been included in the record on appeal.  *See* Rule 5A:1(f) (providing that unpublished opinions may be cited as persuasive authority).

277 Va. at 455). As such, "whether a party named in a caption is a proper party to the action is to be determined not merely by how that party is identified in the caption of the pleading, but by the allegations set forth within [the] pleading that identify that party more specifically." *Id.* (quoting *Volk*, 291 Va. at 64-65).

Here, Tessema's complaint, considered as a whole, sufficiently identified Moulthrop as the person "against whom the action could, or was intended to be, brought." *Volk*, 291 Va. at 64. Tessema's initial complaint wrongly named "Katherine A. Illingworth AKA Katherine A. Multhrop" as the defendant. But, at all times, it was clear "that the intended defendant was the driver of a specific vehicle that was in a specific location at a specific time and that the driver of that vehicle committed a specific act." *Volk*, 291 Va. at 65. Indeed, the complaint alleged that on April 15, 2017, around 11:00 a.m., the driver was travelling southbound along the Old Dominion Trail near mile marker 25. It added that the same driver stopped about 15 feet from Tessema, and, as he rode into the crosswalk on his bicycle, the driver was distracted and accelerated, colliding with Tessema. Moulthrop was the only person who fit that description. In other words, Tessema "sued the correct person—the driver—but used the wrong name." *Hampton*, 299 Va. at 129. This was a mistake of name, not of parties. We accordingly agree with the circuit court that Tessema's use of "Katherine A. Illingworth AKA Katherine A. Multhrop" was a misnomer.

### III. The Protective Preconditions in Code § 8.01-6

Finally, Tessema claims that the circuit court incorrectly ruled that he did not satisfy the requirements of Code § 8.01-6. We disagree.

Plaintiffs have two options to correct misnomers: they can move to amend the pleading under Code § 8.01-6, or they can nonsuit the case and file a new action correctly naming the

defendant.[5]  *See Edwards v. Omni Int'l Servs.*, 301 Va. 125, 129 (2022).  In either instance, the plaintiff must satisfy each of the four protective preconditions in § 8.01-6.  *See id.* at 130-31 ("As the party opposing a plea in bar based upon a relation-back effect from a nonsuit followed by a refiling of the complaint changing the name of the defendant, the plaintiff had the burden of showing that each of the four protective preconditions of Code § 8.01-6 has been satisfied.").

This is because "Code § 8.01-229(E) applies to nonsuits generally," while "Code § 8.01-6 is more narrowly focused, applying only to the correction of misnomers."  *Id.* at 130; *see Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340 (1979) ("[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, . . . where they conflict, the latter prevails.").  The legislature also has declined many opportunities to amend or repeal § 8.01-6 following *Volk* and *Hampton*.  *Edwards*, 301 Va. at 130.  As a result, "there was no legislative intent to impair the protective preconditions that [§ 8.01-6] provides to a newly added defendant when a plaintiff corrects a misnomer, whether by amending the complaint or by taking a nonsuit and filing a new complaint against the correctly named defendant."  *Id.*

Under § 8.01-6:

> An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake

---

[5] Under Code § 8.01-229(E), this latter option gives the plaintiff an additional six months after entry of the nonsuit order to file the new action.  *Edwards v. Omni Int'l Servs.*, 301 Va. 125, 129 (2022); *see also Volk*, 291 Va. at 67 ("When [the plaintiff] took a voluntary nonsuit, the statute of limitations was tolled for an additional six months from the date of the nonsuit by operation of Code § 8.01-229(E)(3).").

concerning the identity of the proper party, the action would have been brought against that party.

Neither party here challenges conditions (i) or (iv). We, like the circuit court, therefore consider only whether Moulthrop or her agent received notice of the institution of the action within the statute of limitations, and whether Moulthrop would not be prejudiced in maintaining a defense on the merits of Tessema's claim.

To decide whether Moulthrop received timely notice, we apply the plain meaning of "institution of the action." "In construing statutory language, we are bound by the plain meaning of clear and unambiguous language." *Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 636 (2020) (quoting *White Dog Publ'g, Inc. v. Culpeper Cnty. Bd. of Supervisors*, 272 Va. 377, 386 (2006)). Similarly, we "are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language." *Eley v. Commonwealth*, 70 Va. App. 158, 164 (2019) (quoting *Armstead v. Commonwealth*, 55 Va. App. 354, 360 (2009)). When "a 'statute's terms are undefined' by the legislature, we give those terms 'their "ordinary meaning," in light of "the context in which [they are] used.'"" *Id.* at 165 (alteration in original) (quoting *Va. Marine Res. Comm'n v. Chincoteague Inn*, 287 Va. 371, 384 (2014)). "In ascertaining such meaning, dictionary definitions . . . may be consulted." *Id.*

In Virginia, "[a] civil action is commenced by filing a complaint in the clerk's office." Rule 3:2. "Commencement of an action" is "[t]he time at which judicial or administrative proceedings begin, typically with the filing of a formal complaint." *Commencement of an action*, *Black's Law Dictionary* (12th ed. 2024); *see also Bring an action*, *Black's Law Dictionary*, *supra* ("To sue; institute legal proceedings."). Likewise, "institution" is "[t]he commencement of something, such as a civil or criminal action." *Institution*, *Black's Law Dictionary*, *supra*; *see also* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 520 (4th ed. 2016) (defining "institute" as "a formal word for begin or start").

Under this plain meaning, there is no evidence that Tessema provided notice of the institution of the action to Moulthrop or her agent within the statute of limitations. In 2017, State Farm responded to Tessema's claim inquiry via a letter denying liability and payment on behalf of Moulthrop. Even so, Tessema did not institute or commence the action until he filed his complaint on April 9, 2019. And there is no evidence that State Farm or Moulthrop received notice of the suit until Moulthrop was served with the amended complaint on July 20, 2020, fourteen months after the expiration of the statute of limitations. *See* Code § 8.01-230 ("In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date [of] the injury . . . ."); Code § 8.01-243 (providing that every action for personal injuries must be brought within two years after the cause of action accrues). Indeed, the court ordered State Farm to submit its entire claim file under seal for an in-camera review and allowed Tessema to move the court to reconsider its ruling if the evidence showed that State Farm had timely knowledge of the suit. Tessema never filed such a motion, nor did the court take corrective action after its review.

As a result, Tessema did not meet § 8.01-6's second protective precondition.[6] His refiled complaint therefore cannot relate back to the date of his first filing, and the statute of limitations bars his claim.

---

[6] Under the right-result-different-reason principle and following the doctrine of judicial restraint to decide cases on the best and narrowest grounds, we do not address whether State Farm was Moulthrop's "agent" for the purposes of Code § 8.01-6. We note only that, even if State Farm was Moulthrop's agent, Tessema still could not meet the requirements of § 8.01-6(ii).
Judicial restraint also dictates that we need not assess whether Moulthrop will suffer prejudice in defending against the merits of the claim. Code § 8.01-6(iii). Code § 8.01-6 is conjunctive, meaning Tessema must show all four of the protective preconditions. Because he cannot satisfy the second precondition, his complaint cannot relate back to the original filing.

CONCLUSION

A nonsuit to correct a misnomer does not save a plaintiff from the protective preconditions in Code § 8.01-6. So a refiled action after a nonsuit to cure a misnomer cannot relate back to the first filing date without timely notice of the institution of the action to the proper defendant within the statute of limitations. No such notice was given here. For these reasons, we affirm the circuit court's judgment.

*Affirmed.*